STATE v. ALLEN I. BLANCHARD.[1]

December 12, 1902.

Nos. 13,246—(24).

**Robbery.**

In a prosecution for robbery in the first degree the record returned to this court is examined, and it is *held*: (1) That the verdict of the jury is sustained by the evidence; and (2) that the trial court did not err in denying a new trial on the ground of newly discovered evidence.

Appeal by defendant from an order of the district court for Clay county, McGee, J., sitting for the judge of the Seventh judicial district, denying a motion for a new trial, after a trial and conviction of the crime of robbery in the first degree. Affirmed.

*George W. Walsh* and *Cannon & Donnelly*, for appellant.

*W. B. Douglas*, Attorney General, *W. J. Donahower*, Assistant Attorney General, *Chas. S. Marden*, County Attorney, and *J. B. Campbell*, Assistant County Attorney, for respondent.

BROWN, J.

Defendant was indicted, tried, and convicted in the district court of Clay county of the crime of robbery in the first degree, and appeals from an order denying his motion for a new trial.

The short facts are as follows: Two persons, one of whom the state

[1] Reported in 92 N. W. 504.

claims was defendant, entered the depot of the Great Northern Railway Company at Comstock, this state, on the night of November 15, 1901, and held up and robbed the company's agent, taking from the office, by means of a revolver and threats of violence, a sum of money belonging to the railway company. At the trial in the district court defendant's sole defense was that of an alibi, it being claimed in his behalf, and evidence was introduced to show, that at the time of the robbery, he was at Wahpeton, some twenty or more miles south of Comstock, where the crime was committed.

After his conviction and sentence, defendant moved for a new trial on various grounds, but withdrew all save two, viz.: (1) that the verdict of the jury was not justified by the evidence; and (2) newly discovered evidence; and the questions presented in this court refer exclusively to those two questions.

On the trial of the action witness Goertz, the person robbed, identified defendant as one of the persons who committed the act. He testified that at the time complained of two persons entered the depot; one of them having a mask on his face, the other being without one. The person with the mask held a revolver at the head of witness, commanded him to hold up his hands, and ordered his associate, who was not masked, to open the money drawer and remove the money, which he did. The witness identified this defendant as the unmasked robber from his dress, personal appearance, and features of his face. The identification was positive, and was made both at the preliminary hearing before the justice of the peace and also on the trial in the district court. Several witnesses, some of whom may be conceded to be reputable and in good standing, testified with apparent positiveness that defendant was at Wahpeton at the time. But the question whether their testimony was true, or whether, under the circumstances shown, they were mistaken as to the precise date, was for the jury to determine. Perhaps a fairly strong case of an alibi was made out, but the evidence does not leave the question so doubtful as to warrant this court in interfering after the verdict has been approved by the trial court. The testimony identifying defendant as one of the robbers, taken all together, locates him with a sufficient degree of

certainty; and, whatever doubt may have been thrown upon the question by the testimony tending to show that he was at Wahpeton at the time of the occurrence raises, as in all such cases, a mere question of fact, which, when passed upon by a jury after a fair and impartial trial, such as the record discloses was had in this case, should not be disturbed except for very cogent reasons.

We have had the most difficulty in determining the question whether the court below erred in denying a new trial on the ground of newly discovered evidence. But after a very painstaking consideration of the question we conclude that the order of the trial court should not be disturbed. The newly discovered evidence is shown by affidavits of persons who describe two strangers who were at Comstock on the date of the robbery, and whom the state claims are the persons who committed this crime, and that from the recollection of affiants neither person described was the defendant in this action. This evidence, if admitted, would be far from conclusive on the subject, and insufficient upon which to base an order for a new trial.

The serious question comes in considering the attitude of the complaining witness, Goertz. As we have already noted, both before the justice on the preliminary examination and on the trial in the district court, he positively and unequivocally identified defendant as one of the robbers, and his testimony was in no way shaken by the cross-examination of counsel for defendant. He seems to have been a fair and intelligent witness, and, though he may have been laboring under some excitement at the time of the robbery, no reason occurs to us why the features of the unmasked robber might not be firmly impressed upon his mind. He saw the defendant a short time subsequent to the robbery, again at the preliminary hearing, which occurred about a month thereafter, and was fairly well qualified to identify him, though he may have had no acquaintance with him prior to the robbery. He now comes forward, and in an affidavit presented in support of defendant's motion for a new trial, states that, if called upon again to identify defendant as one of the robbers, he would be unable to do so. He gives as a reason for his prior clear and definite identification a reliance upon statements made by the officers who arrested

defendant, to the effect that he was one of the robbers; that he was impressed with the idea that the officers knew the fact, and mainly in reliance thereon gave the testimony of identification. The affidavit is drawn, not by the affiant, but by a skilled lawyer, and is made up mostly of conclusions, and not of facts.

Just why the witness should now become doubtful as to his ability to identify defendant is not quite clear in view of his former unequivocal testimony. Whether, as suggested by the trial court, he was unduly influenced to make the affidavit is not shown, nor is the question before us for consideration. We do not think counsel who argued the case in this court would have resorted to any unprofessional methods to obtain it. It was presented to the court below together with the other records in the case, and was a matter for its serious consideration. The record presents, perhaps, a novel situation, one not usually found in cases of this kind, —a sudden shifting of positions as to material evidence on the part of the complaining witness,—and it deserves, as we have given the matter, very careful consideration. Courts will always refuse to send a person to prison for a long term of years when there is any sort of a reasonable doubt as to his guilt; but that question is for the jury to determine upon the evidence presented to them, and, if their verdict is fairly sustained, and is approved by the trial court, it must be upheld by a court of review, even in the face of newly discovered evidence tending to show the innocence of the defendant, where the trial court has not abused its discretion in denying a new trial on that ground. There is no question in the case at bar but that the crime of robbery was committed at the time charged in the indictment, and that defendant was one of the persons who committed it was established on the trial by clear and positive testimony. The only doubt thrown upon the question at this time is by the sudden change in the attitude of the complaining witness. From the consideration given the case, we have reached the conclusion that the trial court did not abuse its discretion in denying a new trial, and the order appealed from must be affirmed.

The suggestion is made by counsel that the court below, for some cause not disclosed by the record, did not give to the motion

for a new trial the consideration it was entitled to receive. The record does not bear out the suggestion. While the court uses some very emphatic language in the memorandum attached to the order denying the motion, we are not prepared to say but that matters connected with the case dehors the record may have been such as to prompt an honest and conscientious judicial officer to express sentiments of the kind indulged in by the learned judge below. But when the record is taken from beginning to end, and fairly and impartially considered, we are not justified in saying that the trial court failed to exercise that degree of patience and fairness essential in such matters.

Order affirmed.