JENNIE HARTER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed October 26, 1903.*

1. CONTINUANCE—*affidavit for continuance should state facts, and not conclusions.* An affidavit for a continuance on the ground of an absent witness should state facts which will show the court that due diligence was used to be ready for trial and that the attendance of the desired witness can be produced if a continuance is granted, mere conclusions of the affiant being insufficient.

2. NEW TRIAL—*when motion for new trial is properly denied.* A motion for new trial in a criminal case is properly denied although based on an affidavit by the principal witness for the State that she swore falsely at the trial, where her testimony at such trial was corroborated by three other witnesses and no sufficient explanation is given in the affidavit as to why she perjured herself.

WRIT OF ERROR to the Circuit Court of Vermilion county; the Hon. H. VANSELLAR, Judge, presiding.

FRED DRAPER, for plaintiff in error.

H. J. HAMLIN, Attorney General, and JOHN W. KESSLAR, State's Attorney, (W. M. ACTON, of counsel,) for the People.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

At the January term, 1903, of the circuit court of Vermilion county plaintiff in error was indicted by the grand jury upon the following charge: "being a keeper of a house of prostitution and suffering one Grace Reik an unmarried female under the age of eighteen years to live, board and room therein." (1 Starr & Curt. Ann. Stat.—2d ed.—p. 1228; sec. 3 of "An act to prevent the prostitution of females.") The case was tried before a jury, and resulted in a verdict of "guilty." A motion for new trial was made and overruled, and plaintiff in error was sentenced to the penitentiary at Joliet until discharged according to law,

Three errors are assigned for reversal of the judgment. The first is the denial of the court below to grant plaintiff in error's application for a continuance of the cause. There was no dispute in the evidence as to the facts, that plaintiff in error kept a house of prostitution, and that she permitted Grace Reik to live, board and room therein. The application for a continuance was based upon the claim by plaintiff in error that she could produce evidence as to the marriage and age of Grace Reik. The affidavit does not claim that plaintiff in error can show that Grace Reik was not under eighteen years of age, but it is claimed that it could be shown that she was married and was the wife of one Bert Helms. An affidavit for a continuance must state facts, and not conclusions. A party, filing an affidavit for a continuance, must show in such affidavit facts which will enable the trial court to see, that due diligence has been used to be ready for trial, and that, if a continuance were granted, the attendance of the desired witness could be procured at a future time. In the present case, the affidavit merely shows that the affiant has some information and a certain belief, but suggests no facts, from which the court could decide that such information or belief is well founded. The affidavit states that Bert Helms is absent, and that plaintiff in error does not know where he now is, but she says that, if the cause is continued, she can find him and procure his attendance at the next term, and that he would then testify that, at the time charged in the indictment, he was the husband of the prosecuting witness, Grace Reik. Inasmuch as her affidavit shows that she does not know the whereabouts of Bert Helms, she should state the facts, upon which she bases her conclusion that she would be able to find him by the next term. No such facts are stated. She states that by the next term she can obtain a certified copy of the record of such marriage, but gives no reason why, if such record exists, it was not produced upon the trial of the cause. It is not

stated in the affidavit where the record of the marriage is, and upon what facts the plaintiff in error bases her statement that she can obtain a certified copy of it. We do not think that the affidavit shows due diligence on the part of the plaintiff in error in the matter of securing testimony as to the age or marriage of the prosecuting witness. Therefore, the court committed no error in refusing to continue the cause.

The second error assigned is, that the trial court gave improper instructions to the jury on behalf of the State. Complaint is made against the second instruction, given for the prosecution, on account of the use therein of the following words: "The court instructs the jury that one of the defenses, relied upon in this case, is that the defendant did not know the prosecuting witness, Grace Reik, was an unmarried female under the age of eighteen years." Counsel for plaintiff in error says that want of knowledge, on the part of plaintiff in error, as to Grace Reik being an unmarried female, was not offered as a defense, but for the purpose of showing to the jury that the prosecuting witness claimed that she was both over eighteen years of age, and married. We think, however, that it sufficiently appears from the testimony, and from the questions asked by counsel for the defense, that her alleged marriage was relied upon as a defense. There was no error in the instruction in this regard. Instructions numbered 1 and 2, given for the prosecution, are also objected to upon the alleged grounds they assume that the prosecuting witness was under eighteen years of age, and unmarried. Neither of the instructions can be fairly construed as assuming the facts of marriage or age. On the contrary, the instructions clearly tell the jury that it must be proven beyond a reasonable doubt that the witness, Grace Reik, was, at the time in question, under the age of eighteen years, and an unmarried woman.

The third error assigned is, that the court denied the defendant below a new trial. Upon the motion for a new

trial an affidavit was produced, purporting to be made by Grace Reik Helms, who, upon the trial of the case, testified under the name of Grace Reik. The affidavit, produced in support of the motion for a new trial, and made by the prosecuting witness, stated that, on September 29, 1902, she, in company with Bert Helms, went from Danville to some town in Michigan, and that they were there married by a minister of the gospel; that said minister gave to the affiant a certificate of such marriage, which is in the possession of Bert Helms; that she is now, and ever since said marriage has been, the wife of said Bert Helms, and was such wife at the time she was arrested at the home of Jennie Harter, in December, 1902; that she testified at the trial of the above cause, that she was not married to said Helms, through fear of getting him into trouble if she told the truth; that, if a new trial is granted, she will testify therein that, at the time charged in the indictment, she was the wife of said Bert Helms.

Upon the trial of the case, Grace Reik swore that she was an unmarried woman when she was at the house of plaintiff in error. Her father and mother both testified upon the trial that she was fourteen years of age, and that she was unmarried; and her father further testified that he never gave his consent to her marriage. Three witnesses, including herself, testified upon the trial that she was not a married woman. She substantially confesses in the affidavit, made in support of the motion for a new trial, that she perjured herself upon the first trial, and gave false testimony, and that, upon another trial, she will give testimony contradicting what she said upon the first trial.

The general rule is, that a new trial will not be granted merely for the purpose of admitting cumulative evidence, or to impeach a witness. It has been held, however, in some cases as an exception to this rule, that, where the principal witness for the State in an affidavit states that

204—11

her evidence given on the trial was incorrect, and her mother, by affidavit, stated that she was unreliable, a new trial will be granted upon the ground of subsequently discovered evidence. (*Fletcher* v. *People*, 117 Ill. 184; *Aholtz* v. *People*, 121 id. 560). But we do not think that such cases have any application to the facts of the case at bar. The excuse, given by the prosecuting witness why she stated upon the first trial that she was unmarried, is not sufficient to explain her testimony. She gives no reason why she supposed that her telling the truth about her marriage would get Bert Helms into trouble. She does not state that he swore falsely as to her age in order to get a marriage license. She does not state in her affidavit that any marriage license was issued. She does not state the name of the town in Michigan where she was married, although, if she was married on or about September 29, 1902, only about five months had elapsed before the trial of this cause. It is singular that she should forget the name of the town where she was married. She does not give the name of the minister, who performed the ceremony, nor does she state any facts by which the place where she was married could be ascertained, or by which the truthfulness or falsity of her statement could be determined.

A new trial will not be granted on the ground of newly discovered evidence which is merely cumulative, and which is not decisive, or when there has been a want of proper diligence to procure the evidence on the trial. The additional testimony, which is claimed to be procurable upon another trial, must be such testimony as will be conclusive of the result. (*Bean* v. *People*, 124 Ill. 576). The nature of newly discovered evidence in such cases should be of such a kind or quality as, when considered with all the other evidence, would probably have resulted in a verdict of not guilty had it been introduced on the trial. In other words, it should be of a conclusive character. (*Klein* v. *People*, 113 Ill. 596). The affidavit in

support of the motion for new trial complies with none of the requirements thus indicated. The evidence in the case at bar as to the guilt of the plaintiff in error was substantially uncontradicted. Counsel for plaintiff in error says in his brief, "there is very little conflict in the evidence." Plaintiff in error was the keeper of a house of prostitution, and allowed Grace Reik to stop at such house. The evidence of the father and mother of the girl to the effect that she was only fourteen years old, and that she was not married, was quite conclusive. Evidently the trial judge was not satisfied from the affidavit of the prosecuting witness, presented on the motion for new trial, that the testimony upon the second trial would overcome the clear and convincing evidence given upon the first trial.

We are of the opinion that there is no error in the record, which would justify us in reversing this judgment. Accordingly, the judgment of the circuit court of Vermilion county is affirmed.          *Judgment affirmed.*