[No. 10649. Department One. February 8, 1913].

SCANDINAVIAN AMERICAN STATE BANK, *Respondent*, v. JOHN M. DOWNS *et al.*, *Appellants*.[1]

MORTGAGES—ABSOLUTE DEED AS MORTGAGE—TRUST—EVIDENCE—SUFFICIENCY. A deed absolute in form is properly held to have been given as security for a debt, and not in trust for the grantor, where it appears to have been given pursuant to a demand for additional security, the grantor signed a statement so reciting, and his evidence in support of an alleged trust showed an intent on his part to defraud creditors, which was not communicated by the agent to the grantee.

NEW TRIAL—GROUNDS—SURPRISE. Failure to call a certain witness does not entitle the adversary to a new trial on the ground of surprise.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 27, 1912, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury. Affirmed.

*D. R. Glasgow*, for appellants.

*Chas. N. Madeen* and *Samuel R. Stern*, for respondent.

PARKER, J.—The plaintiff seeks foreclosure of liens claimed by it upon three different parcels of real property in Spokane county, which it alleges are evidenced by three warranty deeds, absolute in form, but which are in fact mortgages given by the defendants to the plaintiffs to secure an indebtedness of $7,500. Judgment was rendered in favor of the plaintiff, foreclosing all of the liens so evidenced. The defendants have

[1]Reported in 129 Pac. 894.

appealed from so much of the judgment as decrees foreclosure against the real property conveyed by one of the deeds, contending that that deed was not given as security for the indebtedness as the other deeds were, but for the purpose of having respondent hold the property conveyed thereby in trust for appellants.

Appellants are residents of Spokane, in this state. Respondent is a banking corporation of Montana, with its principal place of business in Missoula, in that state. In January, 1911, appellants executed and delivered to respondent their promissory note for $7,500, to evidence an indebtedness then owing by them to it. About the same time, to secure this indebtedness, they executed and delivered to respondent two deeds of certain real property owned by them in Spokane county. This was done in pursuance of negotiations leading up to the incurring of the indebtedness. Soon thereafter appellants executed and caused to be delivered to the respondent another deed for lot 11, block 30, Heath's Fifth addition to Spokane, being the deed and property involved in this appeal. At the same time, appellant John M. Downs signed and caused to be delivered to respondent with this deed a writing, reading as follows:

"For and in consideration of a loan of seventy-five hundred ($7,500) dollars, which the Scandinavian American State Bank made to the undersigned John M. Downs, on the 13th day of January, 1911, I, the undersigned, John M. Downs, hereby assign, sell, transfer and set over to the said Scandinavian American State Bank at Missoula, Montana, all my right, title and interest in and to lot eleven (11), block thirty (30), Heath's Fifth addition, to the city of Spokane Falls, now Spokane, Washington, as per deed handed you herewith today.          (Signed)   John M. Downs."

So far the facts are undisputed. The controlling question presented is, Was the deed here involved given by appellants as additional security for the indebtedness, or merely for the purpose of vesting title in respondent, to be held by it in trust for appellants? Aside from the above quoted writing

signed by appellant John M. Downs, showing the evident purpose of the giving of this deed, the testimony is in serious conflict as to the purpose of appellants, especially in so far as respondent may be bound by any such purpose on their part. We think, however, that the learned trial court was warranted in believing the following facts established by the evidence: When the first deed was given as security for the indebtedness, respondent was led to believe that the property conveyed thereby was free from incumbrance. Soon thereafter it discovered that the property was incumbered, and it thereupon demanded additional security. In response to this demand, it received this deed and the signed statement of appellant John M. Downs accompanying it. This deed and statement were not delivered directly by appellants or either of them, but were delivered by a Mr. White, their agent, to whom they had sent the deed and statement to be delivered to respondent. This is, in substance, all of the information respondent or its officers had touching the intent and purpose of appellants in the execution and delivery to it of the deed in question.

Appellant John M. Downs testified, in substance, that another of his creditors was pressing him for payment at the time of, and shortly before, the execution of this deed, and that, in order to be able to give a plausible excuse for not subjecting this property to the satisfaction of his debts, he conceived the idea of placing this deed in the hands of respondent, not as additional security, but in trust only, with a view to having it returned upon settlement with the creditor then pressing him, and that White was so instructed as agent of appellants. In view of this stated purpose of Downs to thus hinder, if not actually defraud, his creditor in this manner, the trial court was evidently not impressed with his version of the purpose for which the deed was executed, and concluded that it was in fact executed by appellants and received by respondent as additional security. We are constrained to fully agree with the trial court in so concluding.

One of the grounds of appellants' motion for a new trial was surprise, which they contend consisted of the fact that, upon the trial of the case, respondent did not produce White as a witness. It is not contended that there was any promise or inducement held out to appellants which would lead them to believe that White would be produced as a witness, other than the mere fact that it was evident that the testimony of White might have a material bearing upon the question of his power as agent in delivering the deed to respondent. This contention is answered by the general rule that "the fact that the adversary's evidence is different from what it was supposed it would be is not sufficient," to show surprise calling for a new trial. 14 Ency. Plead. & Prac., 734.

The decision of this court in *Friedman v. Manley*, 21 Wash. 43, 56 Pac. 832, is in harmony with this view.

The judgment is affirmed.

CROW, C. J., GOSE, MOUNT, and CHADWICK, JJ., concur.