[No. 11008.  Department One.  August 8, 1913.]

# H. E. Orr, *Appellant*, v. Schwager & Nettleton, Incorporated, *Respondent.*[1]

Continuance—New Trial—Grounds—Surprise.  It is not ground for a continuance or a new trial that plaintiff was surprised by the testimony of one of the opposing parties, called by him as a witness to prove one of the issues, who testified substantially as he had pleaded, and any newly discovered evidence would merely impeach or discredit the witness.

Brokers—Commissions—Contract — Evidence—Sufficiency.  In an action to recover a broker's commission on the sale of corporate stock, a nonsuit is proper, where the weight of the evidence was to the effect that a commission was to be paid by others than the defendant, and only in case a sale was made in excess of fifty per cent of the par value, but that no such sale was made, and that the defendant was not interested in the sale and had not agreed to pay the commission.

Appeal from a judgment of the superior court for King county, Wilmon Tucker, Esq., judge *pro tempore*, entered July 3, 1912, upon granting a nonsuit, in an action on contract tried to the court.  Affirmed.

*Dudley G. Wooten,* for appellant.

*Bausman & Kelleher,* for respondent.

Mount, J.—This action was commenced by the plaintiff in May, 1909, to recover a commission on the sale of certain shares of stock owned by John W. Edgecomb and wife and W. A. McDonald and wife in the Riverside Timber Company, a corporation.  Plaintiff alleged that, in November, 1908, the owners of the stock agreed to pay him a commission of three per cent upon the selling price for his services in finding a purchaser; that he found a purchaser and that a sale was made by the owners sometime in January, 1909, for the sum of $235,000; that the amount of his commission was $7,050; that all the agreements in relation thereto were oral.

[1]Reported in 134 Pac. 501.

In that action, John W. Edgecomb and wife and W. A. Mc-Donald and wife and Schwager & Nettleton, a corporation, were made parties defendant. The cause was not brought on for trial until July, 1912. In the meantime, the complaint was twice amended. In the second amended complaint, Schwager & Nettleton, a corporation, was the only defendant, the other defendants having been eliminated by amendments. In the complaint upon which the trial was had, in addition to the facts alleged in the first complaint, it was alleged that the defendant, Schwager & Nettleton, Incorporated, agreed to pay the commissions due the plaintiff as a part of the consideration for the purchase of the stock; that plaintiff thereupon released Edgecomb and McDonald from the payment of said commission; that the defendant thereby became indebted to the plaintiff in the sum of $7,050.

The cause came on for trial before a special judge *pro tempore* without a jury. After the plaintiff's evidence was submitted, the defendant moved the court for a nonsuit, upon the grounds that the evidence showed no liability against the defendant, that there was no contract entered into between the plaintiff and the defendant, and that the plaintiff had failed to support his cause of action as alleged in the complaint. The trial court sustained this motion, and dismissed the action. The plaintiff has appealed.

At the close of the appellant's evidence, he called as a witness Mr. Louis Schwager, one of the principal stockholders in the defendant corporation. He testified, in substance, that the Schwager & Nettleton corporation did not purchase the stock of the Riverside Timber Company, but that he and Mr. Nettleton and one or two others purchased the stock individually; that the Schwager & Nettleton corporation was not interested in the purchase. Appellant thereupon asked for a continuance of the cause until proofs could be obtained to contradict the witness. This request was denied. After a judgment of nonsuit had been entered, appellant filed a motion for a new trial upon the ground of surprise, claiming, in sub-

stance, that the witness Mr. Schwager, after the purchase of the stock, had represented to certain commercial agencies that the stock was the property of Schwager & Nettleton, Incorporated, and that appellant was not prepared at the time of the trial to show these facts; that it was newly discovered evidence. The court denied this motion.

Appellant argues that the court erred in denying the motion for a continuance and in denying the motion for new trial. The answer of the respondent to the complaint was a general denial, so that the appellant was put upon his proof as to all the facts alleged in the complaint. It was necessary for the appellant to prove that the corporation of Schwager & Nettleton had assumed the obligation to pay the commission upon the sale of the stock. A party is not entitled to a new trial simply because he was surprised by testimony falling within the issues of the case; and especially where, as here, the appellant calls one of the opposing parties to prove his case. He must not be surprised when the opposite party testifies substantially as he has pleaded.

"Ordinarily, the pleadings must determine what issues will be tried; and it has never seemed to be the practice that a party must disclose to his adversary what his testimony will be, or that he must suggest testimony for his adversary." *McDougall v. Walling*, 21 Wash. 478, 58 Pac. 669, 75 Am. St. 849.

This court has several times held that, where the only purpose of newly discovered evidence is to impeach or discredit evidence produced at the trial, a new trial will be denied. *Scandinavian American State Bank v. Downs*, 72 Wash. 79, 129 Pac. 894; *Seattle Lumber Co. v. Sweeney*, 43 Wash. 1, 85 Pac. 677; *Harvey v. Ivory*, 35 Wash. 397, 77 Pac. 725. We are satisfied, therefore, that the trial court did not err in refusing to grant the motion for continuance, nor in denying the motion for new trial.

The appellant argues at some length that, upon the whole case, the trial court should have denied the motion for nonsuit,

for the reason that the evidence was sufficient to warrant a judgment in favor of the appellant. We have carefully read all the evidence in the case, and are satisfied that the trial court was right. Even conceding that Mr. Schwager and Mr. Nettleton owned and controlled the respondent corporation, and that whatever contract existed between Schwager & Nettleton and the appellant was in substance and in law the contract of the respondent company, we are still of the opinion that there was no evidence sufficient to warrant a judgment in favor of the appellant. The only testimony in the record is the testimony offered on behalf of the appellant. Mr. Edgecomb, with whom the original contract for commissions was made, testified, in substance, that the contract was that Mr. Orr should sell his stock in the Riverside Timber Company, and that of his partner, which together constituted about 47 per cent of the stock of the Riverside Timber Company, so as to net fifty per cent of its par value to Mr. Edgecomb and Mr. McDonald; that whatever commissions Mr. Orr was to receive were to be above the net price; that, in pursuance of this agreement, Mr. Orr attempted to sell the stock to Schwager and Nettleton; that he offered part of the stock to them at 55 cents and part of it at 60 cents on each dollar par value; that Schwager and Nettleton agreed to take the stock at this price provided a mortgage amounting to $20 per share should be deducted from the selling price of the stock; that Mr. Edgecomb and Mr. McDonald, when this proposition was submitted to them, absolutely refused to sell at that price; that the least price they would sell for was fifty per cent par value; that thereafter Schwager and Nettleton agreed with Edgecomb and McDonald to pay them fifty per cent and the stock was sold on that basis, and not on the basis of any agreement other than fifty per cent. It is true that Mr. Orr testified that he was to sell the stock at fifty per cent net to Edgecomb and McDonald, but that he also had an agreement that his commission was to be three per cent of the selling price. In other words, it is not clear from the

testimony of the appellant that his contract was that he was to have three per cent of the selling price of the stock in the event that the stock was sold for fifty cents or less. We think the great weight of the evidence is to the effect that his commission was to be what he could obtain above fifty cents. This case, therefore, does not fall within the rule in *Merritt v. American Catering Co.,* 71 Wash. 425, 128 Pac. 1074, for the appellant did not find a purchaser who was ready and able to purchase at the price given to appellant.

The record in this case shows that, if there was any liability for the commission, it was against Mr. Edgecomb and Mr. McDonald, who had agreed to pay the commission to the appellant. We find no evidence whatever that the appellant ever released Edgecomb and McDonald; or that the respondent in this case or Schwager and Nettleton personally ever agreed to pay the commission. It is true that, when the contract was finally closed between Edgecomb and McDonald on the one side, and Schwager and Nettleton and others on the other, an option was given by Mr. Edgecomb, in consideration of one dollar, to Schwager and Nettleton to purchase all the stock which Edgecomb owned in the Riverside Timber Company at fifty cents on the dollar, net, "any commission to Orr to be paid by you." But the evidence of Mr. Edgecomb, called as a witness by the appellant, shows that at that time he stated to Mr. Schwager that Mr. Orr was entitled to no commission because his commission depended upon a sale at a price in excess of fifty cents net. We are satisfied, therefore, that upon all the evidence the court properly directed a judgment of nonsuit.

There are other questions referred to in the briefs which we think require no further notice.

The judgment of the trial court is therefore affirmed.

Parker, Gose, and Chadwick, JJ., concur.