[No. 12752.   Department Two.   December 8, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.
ARSYMAK HODOFF, *Appellant*.[1]

CRIMINAL LAW—TRIAL—MISCONDUCT OF JURY—PRESUMPTIONS.   In
the absence of any affidavit stating the facts, it will be presumed that
the illness of a juror resulting from a controversy during the con-
sideration of the case did not affect the verdict.

NEW TRIAL—GROUNDS—NEWLY DISCOVERED EVIDENCE—SHOWING—
REQUISITES.   A motion for a new trial for newly discovered evidence
is properly denied, where there was no affidavit by the defendant
that he did not personally know of the evidence (the affidavit being
only by his attorney), it was not shown that the testimony could
be produced at the trial, no continuance was asked, and the evidence
was only cumulative and to impeach or discredit evidence produced
at the trial.

CRIMINAL LAW—APPEAL—PRESERVATION OF GROUNDS—OBJECTIONS.
Error cannot be predicated upon the admission of evidence of a
conversation in English, had in the presence of the accused, who
could not speak or understand English, where no objection to it was
made below upon that ground.

ROBBERY—IDENTIFICATION—QUESTION FOR JURY.   Upon a conflict
of the evidence, whether witnesses identified the accused as one of
the robbers of a bank merely because he was arrested, is a question
for the jury.

CRIMINAL LAW—TRIAL—MISCONDUCT OF WITNESS.   In a prosecu-
tion for robbery, error cannot be predicated upon misconduct of the
prosecuting witness in communicating with some person outside the
room by sending out notes, where the court found, upon examining
one of the notes, that it was not improper.

CRIMINAL LAW—APPEAL—MISCONDUCT—INVITED ERROR.   Error can-
not be predicated upon the fact that certain of defendant's witnesses
were arrested after testifying, where the arrests were made outside
of the room and the fact of the arrests was made known to the jury
by the counsel for the accused, as the error was invited.

Appeal from a judgment of the superior court for Che-
halis county, Sheeks, J., entered July 2, 1914, upon a trial
and conviction of robbery.   Affirmed.

[1]Reported in 153 Pac. 377.

*Kazis Krauczunas* and *J. Grattan O'Bryan*, for appellant.

*J. E. Stewart, A. Emerson Cross*, and *O. M. Nelson*, for respondent.

Morris, C. J.—On the evening of March 28, 1914, the Bank of Elma was robbed by five men, some of whom, stationed at different places, held up the officers and customers with revolvers, while others removed from the vault several sacks containing in all $4,280 in gold, silver, and currency. On the 15th of April following, the appellant Hodoff and two other men, Malsogoff and Dobreff, were arrested at the Milwaukee hotel in Seattle, and lodged in the city jail, and the same evening Mr. France and Mr. Fleming, the cashier and teller, respectively, of the Elma bank, the two officials in the bank at the time of the robbery, were taken to the jail to identify the robbers. Following this identification and on April 16, the prosecuting attorney for Chehalis (now Grays Harbor) county, in which the city of Elma is situated, filed a criminal complaint charging the three men with the crime of robbery, and caused them to be removed to the county jail at Montesano. On April 27, appellant had a preliminary hearing before a justice court at Montesano, and upon the testimony of Fleming that he recognized the appellant as one of the robbers, he was held to appear for trial in the superior court. An information was subsequently filed, charging the appellant, Malsogoff and Dobreff with the robbery, and at a trial duly held, the appellant was found guilty and sentenced to a term in the state penitentiary. Appellant's motion for a new trial being overruled, he has appealed to this court.

The grounds on which a new trial was asked were, (1) misconduct of the jury; (2) newly discovered evidence and surprise; (3) errors in the introduction of evidence; and (4) that the verdict is contrary to law and the evidence, particularly owing to the misconduct of the prosecution occurring at the trial. We will discuss these in order.

I.  The claimed misconduct of the jury is that, during the consideration of the case, several jurors became engaged in a controversy and one of them, being affected by the excitement, fainted, which it is asserted caused him to render his verdict against the appellant, to avoid a protracted discussion of the case, and not because of his belief in the appellant's guilt.  No affidavit setting out the facts was presented to the trial judge, and there being no showing of misconduct other than that stated in the motion for new trial, we will not presume that the illness of the juror affected his verdict.

II.  The evidence which was stated in the motion to be newly discovered was that the appellant was identified by Mr. France in the police station in Seattle, and was not identified by Mr. Fleming, as Fleming testified at the trial; and evidence that the appellant was not at the Mecca hotel at Aberdeen shortly after the robbery, but was in Seattle.  The appellant contends that the testimony of the prosecution that he was at the Mecca hotel came as a surprise, which he was not prepared to defend against.  Accompanying the motion were the affidavits of the appellant's attorney and of several fellow countrymen, setting forth their knowledge of these circumstances and the reasons for their not testifying.

The motion on this ground was properly denied, for the following reasons:  There is no affidavit that the appellant did not personally know of the evidence claimed to be newly discovered, the only affidavit being by his attorney (*State v. Magers*, 36 Ore. 38, 58 Pac. 892); neither the affidavits nor the motion show that the evidence could be produced in the event of a new trial (*State v. Miller*, 3 Wash. 131, 28 Pac. 375), and no continuance was asked to enable the appellant to secure evidence to refute that introduced by the prosecution.  It also appears that evidence of the appellant's whereabouts at the time of the commission of the crime would be merely cumulative of evidence given by his other alibi witnesses; and that the evidence that Mr. France and not Mr.

Fleming identified him in Seattle would tend on the one hand to impeach Mr. Fleming's testimony, and on the other to corroborate the testimony of Mr. Majewski, a detective, who testified that it was Mr. France who identified the appellant.

It is a general rule that a new trial will not be granted on the ground of newly discovered evidence when the new evidence relied upon is merely cumulative of that introduced at the former trial (*O'Toole v. Faulkner*, 34 Wash. 371, 75 Pac. 975) ; nor where the only purpose of such evidence is to impeach or discredit evidence produced at the trial (*Orr v. Schwager & Nettleton*, 74 Wash. 631, 134 Pac. 501). Evidence of the identification and of the appellant's whereabouts at the time of the robbery was introduced by both the state and the appellant, and the refusal of the trial court to grant a new trial in order to take additional testimony on those issues was not an abuse of discretion.

III. The state introduced testimony of a conversation between France and Malsogoff, in the city jail in Seattle, and of a conversation between the sheriff and some one whose identity was not disclosed, at the Mecca hotel in Aberdeen. The substance of these conversations was that Malsogoff in the one conversation, and the unknown person in the other, stated that certain of the prisoners were in Elma on the day of the robbery. The appellant contends that it was error to admit this testimony because the conversations were in English, a language not understood by appellant, and his silence could not be construed as an admission of the facts stated in his hearing. Whatever the merits of the contention as applied to the facts stated, it will not avail the appellant here, for the record does not disclose that proper objection was taken to the testimony. The only objection taken was directed to the manner of the introduction of the testimony, and not to its admissibility, as will appear from the following extract from the statement of facts:

"Q. Was there any conversation that took place between any of the officers and this brother in the presence of this de-

fendant? Mr. O'Brien: Where is all of this. Mr. Cross: In the police station, in Seattle at the time you were there. Mr. O'Brien: What do we have to do with a conversation 'between an officer and the co-defendant. Court: In the presence of this defendant? Mr. Cross: Yes. Mr. O'Brien. No objection. A. Yes, sir. Q. Did you participate in that conversation. A. I listened, yes. Q. All right, what was said? A. Well, most of the conversation that I listened to or paid any attention to was between Mr. France and one of the prisoners and his brother. Mr. O'Brien: The question, Your Honor, was as to a conversation had between the brother and an officer. Court: In the presence of this defendant. Mr. O'Brien: Now he is starting to state a conversation had between Mr. France and somebody that I know nothing about. Q. Was any inquiry made there in the presence of the defendant as to where this defendant and any of the others were on the Sunday following the 28th of March, 1914? Mr. O'Brien: Objected to as leading the witness, let him state what was there. Mr. Cross: I don't think it is leading the witness in a case of this kind. Court: He may state whether the inquiry was made. A. Yes sir, it was. Mr. O'Brien: Exception."

No objection was taken to the introduction of testimony of the second conversation, and as the evidence of what was said was brought out on cross-examination by the appellant's own attorney, no error is shown.

IV. The fourth error assigned is that the verdict is contrary to law, due particularly to the misconduct of the prosecution. The appellant was identified by Meyers and by Young, two of the customers in the bank at the time of the robbery, and also by Mr. Fleming. The appellant contends that, because there was testimony in conflict with this evidence, it was evident that the witnesses formed their opinion that the appellant was one of the robbers from the fact that he had been arrested as one of the robbers, and not from their own knowledge. Whether they had so decided was a question for the jury, and we do not find that their verdict was against the weight of the evidence.

14—88 WASH.

Nor do we find that the verdict was influenced by the conduct of Mr. France in communicating during the trial with some one not in the court room, nor by the arrest of several of the appellant's witnesses at the conclusion of their testimony. As to the first contention, it appears that Mr. France remained in the court room during the trial and sent out notes to some one outside the room, but there is no showing of prejudice caused thereby and, as the court examined at least one of these notes and found it was not improper, we cannot conclude that the acts were prejudicial to the appellant. As to the second contention, it appears from the record that the arrests complained of were made outside the court room, and the fact that they were being made was called to the attention of the jury by the appellant's attorney. If there was any misconduct on the part of the prosecution, whatever effect it may have had on the jury was due to the acts of the appellant's own counsel, and we have so often announced that invited error cannot be set up as a ground for reversal that citation of authority seems unnecessary.

Finding no error in the judgment, it is affirmed.

FULLERTON, MAIN, and ELLIS, JJ., concur.