## STATE *vs*. NORMAN C. DODGE.

## Lincoln.    Opinion February 18, 1925.

*In criminal cases on motions for a new trial on the ground of newly-discovered evidence, evidence both pro and con may be received by the Justice hearing the motion. The question before the Justice hearing the motion is not whether an issue of fact is raised by the motion, but whether in view of all the evidence both old and new, it appears probable that another jury would arrive at a different result.    The issue on an appeal from the ruling of the Justice below is whether his decision was clearly wrong.    Recantation by an important witness is not alone sufficient grounds for granting such a motion.*

Recantation by an important witness is generally regarded with suspicion and in the instant case the alleged recantation of the complainant under the circumstances is entitled to little if any weight.

In this case the evidence of the other witnesses offered in support of the motion either does not support the allegations or it does not appear that it could not have been discovered at or before the trial with proper diligence.

The requested instruction was not applicable to the evidence in the case and the exception to the refusal to grant it is without merit.

Without giving the usual weight to the decision of the Judge at nisi prius on the motion based on newly-discovered evidence, this court cannot say that another jury, with all the evidence before it, would be likely to arrive at a different result.

On exceptions and appeals.    The respondent was indicted under Chapter 112 of the Laws of 1919, for lewdness, and was convicted at the April Term, 1924, of the Supreme Judicial Court for Lincoln County.    At the trial the presiding Justice denied a requested instruction and counsel for the respondent excepted.    The respondent then filed a general motion for a new trial which was denied and an appeal taken.    At the October Term, 1924, the respondent filed a motion for a new trial based upon newly-discovered evidence, which was denied by the presiding Justice and an appeal taken.    Appeals dismissed.    Exceptions overruled.    Judgment for the State.

The case appears in the opinion.

*Weston M. Hilton, County Attorney,* for the State.

*Edward W. Bridgham and George W. Heselton,* for the respondent.

SITTING: CORNISH, C. J., PHILBROOK, WILSON, STURGIS, BARNES, JJ.

WILSON, J. The respondent was indicted for taking indecent liberties with the person of John H. Farnsworth and was convicted at the April Term, 1924.

Following his conviction he filed at the same term a general motion for a new trial upon the usual grounds which was overruled by the Justice presiding and an appeal taken to this court.

At the October Term, 1924, the respondent filed a motion for a new trial based upon alleged newly-discovered evidence. Testimony 'was taken out in support of and in opposition to the motion and upon being presented to the presiding Justice the motion was denied and an appeal taken; and the evidence presented at the trial and in connection with the motion, in each case certified to by the court stenographer but not reported by the presiding Justice, is a part of the printed case.

The case also comes forward on an exception to a refusal by the presiding Justice at the trial to give the following requested instruction, "The evidence of a demented youth alone is insufficient to convict a respondent charged with the crime of lewdness."

We are confronted *ad limine* with certain questions of procedure on motions for new trials in criminal cases:

At common law in both civil and criminal cases the granting of a new trial rested wholly within the discretion of the Justice presiding at the trial, and all motions seeking relief through a new trial must be directed to him. His decision thereon was final and not subject to review. *Moulton* v. *Jose*, 25 Maine, 76, 85; *State* v. *Hill*, 48 Maine, 241; *State* v. *Carter*, 121 Maine, 116.

In 1841, R. S., Chap. 115, Sec. 101, it was provided that motions for a new trial might be presented to the whole court upon a report of the evidence; and in 1852, Chapter 246, Public Laws, it was further provided when the motion was based on some ground not shown by the evidence at the trial, that the testimony respecting the allegations in the motion shall be heard and reported by the Judge, which provisions are now found in Sec. 57, Chap. 87, R. S. These provisions, however, relate only to civil actions. *State* v. *Hill*, supra; *State* v. *Gilman*, 70 Maine, 329, 334; *State* v. *Gustin*, 123 Maine, 307.

In criminal cases a motion for a new trial based on any ground must still be directed to the presiding Justice, whose decision thereon prior to 1883 was final. *State* v. *Pike*, 65 Maine, 111.

It was not until 1883, Chapter 205, Public Laws, when the death penalty was restored in this State that an appeal to this court was given from the decision of the presiding Justice at *nisi prius* on motions of this nature, and then only in capital cases, which right of appeal was not extended to other felonies until 1909, Chapter 184, Public Laws. On all motions for a new trial in misdemeanors the decision of the presiding Justice is still final. *State* v. *Simpson*, 113 Maine, 27; *State* v. *Carter*, 121 Maine, 116.

While no express provision is found either in the Act of 1883 applying to capital cases, or in the Act of 1909 extending the right of appeal to other felonies, authorizing an appeal on motions for new trial based on other facts than those appearing in the evidence taken out at the trial, the language of these Acts now found in Sec. 28, Chap. 136, R. S., is broad enough to include all motions for a new trial based on any grounds whatever; and appeals from decisions of the Justice presiding at *nisi prius* upon motions for a new trial based upon newly-discovered evidence having already been taken in several important cases and entertained by this court, *State* v. *Beal*, 82 Maine, 284; *State* v. *Stain et al.*, 82 Maine, 472; *State* v. *Terrio*, 98 Maine, 17, and also been recognized as an appropriate procedure by this court in the recent case of *State* v. *Gustin*, 123 Maine, 308, we think this statute may now fairly be said to have received an accepted construction in this respect which may with propriety be followed in the future.

The method of review by appeal, however, is a purely statutory proceeding and had no place in actions at law under the common law procedure; 3 C. J., 316, and hence its scope, limits and conditions must either be found in the express terms of the statute authorizing it, or be implied from the nature and purpose of the act itself. Being remedial in their nature, such acts should be liberally construed.

There is, perhaps, no strictly analogous statute from which we may fairly infer what is the nature and scope of the review provided for in Sec. 28, Chap. 136, R. S., by an appeal. It is not defined by its terms, but following the long established practice under the statute in civil actions at the time this statute was enacted, this court has already given an appeal from a denial of a general motion for a new

trial practically the same effect as a review of a trial in a civil action on a motion for a new trial directed to this court, viz: Whether upon all the evidence the jury was warranted in arriving at their verdict in finding the respondent guilty beyond a reasonable doubt, having in mind that it is for the jury to determine the credence to be given the witnesses and the weight of their testimony. *State* v. *Stain et al.,* 82 Maine; 484, 489, 490; *State* v. *Lambert,* 97 Maine, 51.

On motions based on newly-discovered evidence in civil actions the evidence comes direct to this court for determination at first hand, while under Sec. 28 of Chap. 136, in criminal cases, the question on appeal must be, was the decision of the presiding Justice, from which the appeal was taken, wrong in view of all the evidence in the case and that presented on the motion. *State* v. *Stain et al.,* 82 Maine, 484, 491.

Two other questions of procedure are presented, viz.: What evidence may be received by the Justice at *nisi prius* on a motion for a new trial based on newly-discovered evidence and how shall the evidence, when presented to this court, be authenticated.

The moving party may, of course, introduce any evidence in support of the necessary allegations on his motion. The question then arises, should evidence be received from the opposing party in rebuttal?

Under the statute relating to such motions in civil cases Sec. 57, Chap. 87, R. S., this court held in *White* v. *Andrews,* 119 Maine, 414, that only evidence in support of the allegations in the motion could be received, in effect overruling *Greenleaf* v. *Grounder,* 84 Maine, 50, which followed the Massachusetts practice laid down in *Parker* v. *Hardy,* 24 Pick., 246.

As this statute does not apply to criminal cases, the practice in such cases may be determined in accordance with what seems to be more productive of justice and the practice elsewhere.

The great weight of authority appears to sanction the receipt of counter affidavits in rebuttal, where the practice confines the evidence in support of such motions to affidavits, and this appears to be a salutary rule, and must in principle apply equally to the receipt of oral testimony in rebuttal where oral testimony may be received instead of affidavits as in this State, *Snowman* v. *Wardwell,* 32 Maine, 275, 277.

The purpose and effect of all rules of procedure should be to end litigation and not prolong it. If the opposing party by evidence in his possession can not only impeach the witnesses relied upon in support of the motion, but can show that the evidence relied upon is wholly false, or for any reason not entitled to any weight, he should not be put to the inconvenience, and both he and the State to the expense of again prosecuting or defending his cause before another jury, and in no case, unless the presiding Justice, or this court on appeal, shall first decide after hearing all the evidence that justice requires another-trial.

This rule has apparently been followed in practice in this State in the three important criminal cases above cited: *State* v. *Beal,* supra, *State* v. *Stain et al.,* supra, and *State* v. *Terrio,* supra; and in practically all the other States it is the recognized course of procedure in both civil and criminal cases. 25 Am. Ann. Cases, 1912 B., 1303, Note; 14 Ency. Pl. & Pr., 912; *Zeller* v. *Griffith,* 89 Ind., 80; *People* v. *Sing Yow,* 145 Cal., 1; *Finch* v. *Green,* 16 Minn., 315; *Williams* v. *Baldwin,* 18 Johns, 489; *Burlingame* v. *Cowee,* 16 R. I., 40; *Burr* v. *Palmer,* 23 Vt., 244; *Hammond* v. *Pullman,* 129 Mich., 567; *Hopkins* v. *Knapp, etc.,* 92 Ia., 212; *Chrisco* v. *Yow,* 153 N. C., 434.

We, therefore, hold that upon motions for new trials in criminal cases based upon the ground of newly-discovered evidence testimony may be received not only to impeach the witnesses offered in support of the motion, but in strict rebuttal of their testimony.

One more question of procedure remains as to how the evidence taken out at the trial or upon a motion for other reasons than appears in the evidence at the trial when presented to this court on appeal shall be authenticated. While Sec. 28 of Chap. 136, R. S., makes no provision for a report of the evidence, a provision for an appeal, of necessity, implies that a copy of the evidence upon which the appeal is based shall be transmitted to the Appellate Court as in equity cases, from which jurisprudence this form of review is adopted. It being required under the statute, though by implication, the provision for authentication by the court stenographer under Sec. 169 of Chap. 87, clearly applies. The case, therefore, appears to be properly before this court and all the evidence submitted proper for our consideration.

To consider the questions raised in their order: The appeal from the ruling of the presiding Justice denying the general motion for a

new trial on the ground that verdict is against the law and the evidence must be dismissed. There was abundant evidence if believed by the jury to warrant the verdict.

The exception to the refusal to give the requested instruction likewise has no merit and must be overruled.

It was not applicable to the evidence in the case, and could not have been properly given. There was no evidence on which it could have been found that the witness Farnsworth was "a demented youth." He is, it is true, mentally immature for his age of twenty years,—a moron of the mentality of a youth of thirteen years according to his mother; but a person of that grade of intelligence can in no sense be properly termed "demented" as that term is ordinarily used. Neither could the court upon the evidence have properly instructed the jury that the case against the respondent rested alone upon the testimony of Farnsworth, as is implied in the requested instruction.

The only question, therefore, meriting consideration is the respondent's motion for a new trial based upon alleged newly-discovered evidence. This motion rests upon three supports: (1) upon evidence that the complainant, and of necessity the State's chief witness, has changed his testimony from that given at the trial, has recanted, confessed himself a perjurer; (2) that the mother of the complainant would testify that one Wilder Dodge, who it is claimed the evidence at the trial disclosed was instrumental in inducing by threats the complainant to make the charges against the respondent, had said to her that he would pay all bills in case the complainant got into any trouble by testifying against the respondent, and he would give the complainant a home as long as he, Wilder Dodge, had one, and that the same Wilder Dodge endeavored to persuade her to testify at the trial that the story told by her son of his abuse by the respondent was true of her own knowledge; (3) that a witness by the name of James P. Cushman would testify that he had heard the same Wilder Dodge state after the trial and conviction of the respondent, "I will get Norman C. Dodge before I get through with him."

As to the testimony of James P. Cushman, as it appears in the printed case, no more need be said than that it does not support the allegations in the motion, nor can it be said that it could not have been discovered by reasonable diligence prior to the trial in which the witness Cushman testified for the respondent. The alleged state-

ment, if made at all, was made prior to the trial and not afterwards and a diligent preparation of the case would have then disclosed it; and further his testimony is so vague, his recollection of the occurrences so indefinite as to render his evidence of little probative value.

The evidence of the mother of the complainant alleged to have been newly-discovered likewise fails to support the allegations in the motion and by itself discloses no more than a neighborly, humane interest on the part of Wilder Dodge toward a boy apparently deprived of paternal counsel and support when he most needed it, nor is it clear that such testimony could not have been discovered with reasonable diligence previous to or at the trial.

It only remains to consider the testimony of John H. Farnsworth which by reason of its nature requires careful scrutiny.

If his statements now made are true, the respondent was, of course, wrongfully convicted and should not even be put to the expense and inconvenience of another trial; but newly-discovered evidence occurring after conviction, and especially recantation of testimony given at the trial, with a witness of less than the average mentality, the courts are inclined to view with no little suspicion, and properly so, in cases of this nature.

The mere fact that an important witness comes forward and confesses himself a perjurer at the trial does not *ipso facto* warrant the court in granting a new trial. Recantation has frequently been declared by the courts to be the most unreliable form of evidence on which to base a new trial. As the court said in *People* v. *Tallmage*, 114 Cal., 427: "It cannot be said as a matter of law that a new trial should be granted whenever an important witness against the defendant shall make an affidavit that he committed perjury in his testimony. If that were so, justice might be defeated in many grave cases." In a similar vein the New York Court in *People* v. *Shilitano*, 218 N. Y., 169, 180, said in substance: Recantation on the part of a witness does not necessarily entitle a respondent to a new trial, otherwise the power to give a convicted person a new trial would rest with the witnesses who testified against him.

Other courts have also recognized the great danger of accepting without rigid scrutiny this kind of evidence, or recantation of testimony given at the trial as sufficient ground for granting a new trial in criminal cases. *Lucia* v. *State*, 77 Vt., 279; *State* v. *Blanchard*, 88 Minn., 82; *People* v. *McGuire*, 2 Hun., 269.

It is not sufficient that it may be said to raise an issue of fact for the jury to determine. The question upon such a motion is, upon a review of the whole evidence new and old in the light of the surrounding circumstances, whether it appears probable that if the new evidence was heard by another jury a different verdict would probably result, and justice therefore requires that the case be again submitted to another jury, and upon these considerations the question before the Appellate Court is, was the action of the Justice below in denying the motion clearly wrong. *Parsons* v. *Railway,* 96 Maine, 503; *State* v. *Stain,* 82 Maine, 472, 491.

With this rule in mind this court has weighed carefully all the evidence, both old and new, and feels strongly that little weight should be given to the alleged recantation of the witness Farnsworth. While in direct examination upon the motion he states very readily that his testimony at the trial was false, when inquired on cross-examination as to what he testified to at the trial in April replied he did not remember; and when further inquired of as to how he could say that his testimony at the trial was false if he could not remember what he testified to, his reply was: "I *think* what I said at the April Term was false."

A jury at the April Term heard his testimony, and in the light of other testimony in the case, they thought what he *then* said was true. After giving all the evidence the careful consideration the importance of the case to the respondent and to the public seems to merit, this court, without giving the usual weight to the decision of the Justice at *nisi prius,* cannot say that another jury with all the evidence before it would be likely to arrive at a different result.

Entries will be:

> *Appeals dismissed.*
> *Exceptions overruled.*
> *Judgment for the State.*