[No. 18960.   Department One.   April 23, 1925.]

THE STATE OF WASHINGTON, *Respondent,* v. PETE
KALLAS *et al., Appellants.*[1]

WITNESSES (72)—CROSS-EXAMINATION—DISCRETION OF COURT. The
cross-examination of a witness as to offenses which he had com-
mitted is largely within the discretion of the court and not ground
for reversal unless abuse of discretion is shown.

GAMING (19)—CONDUCTING AND OPERATING GAME—INSTRUCTIONS.
Prejudicial error cannot, be assigned upon instructions in a prosecu-
tion for gambling in that they seem to have reference to the mainte-
nance of the place, where they go no further than to inform the
jury when and under what circumstances one may engage in gam-
bling.

CRIMINAL LAW (358-1)—NEW TRIAL—NEWLY DISCOVERED EVIDENCE
—IMPEACHMENT.   A motion for new trial for newly discovered evi-
dence is properly denied where the accused had some information
in regard to the evidence, wanted for the purpose of impeaching a
witness, but did not ask for a continuance to obtain further in-
formation and proceeded with the trial.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered May 31, 1924, upon
a trial and conviction of conducting a gambling game.
Affirmed.

*E. W. Robertson* and *J. J. Lavin,* for appellants.
*Chas. H. Leavy* and *A. O. Colburn,* for respondent.

BRIDGES, J.—Since the submission of this case a
stipulation has been filed dismissing the appeal in so
far as it concerns the appellant Frank Saligas.

The information charged that the appellant Kallas
and one other, on or about February 28, 1924, in the
county and city of Spokane, did unlawfully "conduct,
carry on and operate as owners, managers, agents and
clerks, a certain gambling game played with dice, the

[1]Reported in 235 Pac. 357.

same being a game wherein money and property and
the representative thereof was bet, wagered and
hazarded upon chance.''

The appellant seeks reversal on several assignments
of error, the first of which is that the court refused to
permit cross-examination of the prosecuting witness
with reference to immunity having been promised him.
We find no error in this regard. After this witness
had been quite extensively cross-examined, particularly
with reference to certain checks he had issued on banks
where he had no money, the court advised the appel-
lant's attorney that he would not permit that class of
cross-examination to proceed further. The appellant
then stated that he desired to show by the witness that
he had been promised immunity if he would testify
against the appellant in this case. The court expressly
ruled that the witness might be cross-examined in that
respect. The only check which the court made to the
cross-examination of the witness was concerning
offenses which the witness had himself committed.
Matters of this character are very greatly in the dis-
cretion of the trial court and there was no abuse of
that discretion in this instance.

The next assignment is based upon an instruction
given to the jury wherein the court said that the words
''conduct, carry on and operate,'' as used in the statute
and in the information, are ''applicable to persons co-
operating in the instituting and administering of the
establishment, whatever may be the peculiar relations
they sustain to it and to each other in rendering such
co-operation. It applies to one who controls the estab-
lishment and procures or permits an illegal gambling
game to be carried on therein, or to one who engages
in the illegal use of the premises and thus aids in con-
ducting, carrying on and operating the game. Hence

a clerk or servant waiting on participants in the game
and collecting from them money for the use of the
owner or proprietor and who aids and assists players
in the game in protecting them in any way is an agent
within the meaning of the law.'' The objection seems
to be that the instruction has reference to the mainte-
nance of a place where gambling is carried on rather
than to the game itself. The instruction goes no further
than to inform the jury when and under what circum-
stances one may be engaged in a gambling game.. While
it possibly goes into unnecessary detail, yet it would
seem impossible for the jury to have been in any re-
spect misled.

The next assignment is that the court erred in not
granting a new trial. It appears that, at a preliminary
hearing before a justice of the peace, the prosecuting
witness had testified that he had not been previously
convicted of a crime in the city of Pasco, admitting,
however, that he had been arrested but discharged. He
gave similar testimony on the trial of this case in the
superior court. In support of his motion for a new
trial, the appellant presents some affidavits and what
purports to be a certified copy of a record of convic-
tion of the prosecuting witness in Pasco. We cannot
grant a new trial on the showing made, because it
appears that, before this case went to trial, the appel-
lant had considerable, although not full, information
concerning the matters which he now presents in his
affidavit. Under those circumstances, it was his duty
to have asked for a continuance of his trial until such
time as he could get the desired information. Not
having asked for such, but going ahead with the trial,
we will not now grant his motion. In any event, the
newly discovered testimony could serve no other pur-
pose than to impeach, or attempt to impeach, the testi-

mony of the prosecuting witness. We have held that a new trial will not be granted where the sole purpose of the newly discovered evidence is to impeach a witness. *Orr v. Schwager & Nettleton,* 74 Wash. 631, 134 Pac. 501; *State v. Hodoff,* 88 Wash. 413, 153 Pac. 377.

We cannot find anything in the record which would sustain the next assignment of error, which is alleged misconduct on the part of the prosecuting attorney in discussing before the jury the failure of the appellant to testify in his own behalf.

Nor can we sustain the contention that the court erred in entering judgment upon its verdict for the reason that the evidence was insufficient to justify it. There was ample testimony upon which to submit the case to the jury.

We are unable to find anything in the record which would indicate that appellant did not have a fair trial, and for that reason the judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and ASKREN, JJ., concur.