[No. 25029. Department One. July 23, 1934.]

THE STATE OF WASHINGTON, *Respondent,* v. HOWARD WYNN, *Appellant.*[1]

*Jos. H. Smith* and *A. E. Dailey,* for appellant.

*Charles R. Denney* and *Francis W. Mansfield,* for respondent.

STEINERT, J.—The information herein, consisting of two counts, charged appellant with the crimes of having had carnal knowledge of two female children. Conviction on both counts resulted in a judgment and sentence, from which this appeal was taken.

The two children involved were, respectively, eight and nine years of age. The evidence in the case presents a revolting story of repeated acts of nauseating depravity. We need not recount its details nor introduce by name any of the parties or witnesses. The evidence presented to the jury could hardly have produced any other verdict than the one returned by that

[1]Reported in 34 P. (2d) 900.

body. There is, in fact, no assignment of error as to anything occurring at, or prior to, the trial.

The only question here raised concerns the correctness of the ruling of the court in denying a motion for new trial because of newly discovered evidence. The motion was based wholly upon the affidavit of one of the little girls and those of her parents, the purport of which was to the effect that material portions of the testimony given by the two children at the trial were untrue. Counter affidavits of the other girl and her mother were submitted by the prosecutor. After a careful consideration and analysis of all the affidavits, the court denied the motion.

█ A new trial will not be granted for newly discovered evidence, where the only purpose of such evidence is to impeach or discredit evidence produced at the trial. This rule is firmly established by many decisions of this court. *Orr v. Schwager & Nettleton,* 74 Wash. 631, 134 Pac. 501; *State v. Hodoff,* 88 Wash. 413, 153 Pac. 377; *State v. Wilcox,* 114 Wash. 14, 194 Pac. 575; *State v. Kallas,* 134 Wash. 192, 235 Pac. 357.

█ The specific contention here made by appellant goes somewhat beyond the mere claim of newly discovered evidence. It is contended that, one prosecutrix having repudiated her testimony in certain vital respects, the basis of the conviction was thereby destroyed, and a new trial should therefore have been granted. The conclusion does not inevitably follow its premise. Recantation by an important witness of his or her testimony at the trial does not necessarily, or as a matter of law, entitle the defendant to a new trial. The determination of such matters rests in the sound discretion of the trial court, and its action will not be set aside except for clear and manifest abuse.

The trial judge is in a peculiarly advantageous position, under the prevailing circumstances, to pass upon

the showing made for a new trial. He has the benefit of observing the witnesses at the time of the trial, is able to appraise the variable weight to be given to their subsequent affidavits, and can often discern and assay the incidents, the influences, and the motives, that prompted the recantation. He is, therefore, best qualified to determine what credence or consideration should be given to the retraction, and his opinion is accordingly entitled to great weight. If the rule were otherwise, the right of new trial would depend on the vagaries and vacillations of witnesses rather than upon a soundly exercised discretion of the trial court.

The untrustworthy character of recanting testimony is well known by those experienced in the trial of criminal cases, and when such testimony is offered, it calls for a rigid scrutiny. When the trial court, after careful consideration, has rejected such testimony, or has determined that it is of doubtful or insignificant value, its action will not be lightly set aside by an appellate court. *People ex rel. Stemmler v. McGuire,* 2 Hun (N. Y.) 269; *People v. Tallmadge,* 114 Cal. 427, 46 Pac. 282; *State v. Blanchard,* 88 Minn. 82, 92 N. W. 504; *Harter v. People,* 204 Ill. 158, 68 N. E. 447; *State v. Barrick,* 60 W. Va. 576, 55 S. E. 652; *People v. Shilitano,* 218 N. Y. 161, 112 N. E. 733, L. R. A. 1916F, 1044; *Little v. State,* 161 Ark. 245, 255 S. W. 892; *State v. Dodge,* 124 Me. 243, 127 Atl. 899; *State v. Wheat,* 166 Minn. 300, 207 N. W. 623; *Blass v. People,* 79 Colo. 555, 247 Pac. 177; *People v. Marquis,* 344 Ill. 261, 176 N. E. 314, 74 A. L. R. 751; *State v. Buton,* 124 Kan. 509, 260 Pac. 634; 16 C. J. p. 1188, § 2715.

Appellant cites and relies upon *State v. Powell,* 51 Wash. 372, 98 Pac. 741. That case, however, was one where the evidence of the prosecuting witness was the only evidence establishing the guilt of the defendant

therein. The retraction of her testimony shook the very foundation upon which the conviction rested. Not so here. Leaving out of consideration the testimony of the one prosecutrix, there was ample evidence to support the conviction of appellant upon each of the two counts. The trial court heard all the original testimony of the witnesses at the trial and gave serious consideration to their subsequent affidavits and the peculiar circumstances under which they had been given. The court exercised its sound discretion, and we fail to see any manifest, or even apparent, abuse thereof.

The judgment is affirmed.

BEALS, C. J., MILLARD, MAIN, and MITCHELL, JJ., concur.