[No. 2851.  Decided June 16, 1898.]

THE BAY VIEW BREWING COMPANY, *Appellant*, v. CHARLES TECKLENBERG *et al.*, *Respondents.*

ACTION ON PROMISSORY NOTE — FAILURE OF CONSIDERATION—INSTRUC-
TIONS — HARMLESS ERROR — ARGUMENT OF COUNSEL.

A partial failure of consideration is a defense *pro tanto* to an action upon a promissory note, when such failure can be definitely ascertained by computation.

In an action upon a promissory note to which the defense of total failure of consideration has been interposed, a charge to the jury that their verdict should be for defendants, if they find that the consideration agreed on was, in contemplation of the parties, greater than the amount of the note, but unless they so find their verdict should be for plaintiff, is not prejudicial to plaintiff, when it is clear from the verdict that the jury found there was a total failure of consideration.

Although the argument of counsel may be objectionable, it will not be presumed that the jury was misled thereby,. when they were admonished by the court to disregard the irrelevant and immaterial statements of counsel.

Appeal from Superior Court, King County.—Hon. CHARLES H. AYER, Judge.  Affirmed.

*Allen & Allen*, for appellant.

*Gill, Keene & Shaw*, for respondents.

The opinion of the court was delivered by

GORDON, J.—The complaint sets up two causes of action. The first upon a promissory note for the sum of $1,600,

executed by defendants in favor of Hemrich & Co., and thereafter indorsed to the plaintiff, and the second upon a promissory note for $200 executed by Nick Michaely & Co. and Hemrich & Co., to the Puget Sound National Bank and thereafter indorsed to the plaintiff. The defendant · Michaely was not served with summons, nor did he appear in the action, the defendant Tecklenberg being the only defendant served with process. As to the first note, his answer set up, and the evidence shows, that at the time of the execution of the note the defendants had purchased from Hemrich & Co. a stock of liquors and certain saloon fixtures situated in the city of Seattle, and also a leasehold interest in said saloon premises for the term of three years at the monthly rental of $225; that the consideration therefor was $3,300, $1,700 of which was paid in cash and the balance of the purchase price was represented by the note; that the stock and fixtures were not at any time worth, or considered to be worth, a sum exceeding the sum of $1,500; that the leasehold was worth the sum of $300 per month; that after making said cash payment and executing the note said Hemrich & Co. wholly failed and refused to procure for the defendants a lease to the premises, by reason whereof the consideration for the note wholly failed; and that all of the facts were known to the plaintiff herein prior to its receipt of the note. As to the second cause of action the answer alleged that the $200 note was " executed by the defendant Michaely alone, for his own personal use and benefit, with the full knowledge of said Hemrich & Co., and of the plaintiff herein, and not in the interest of the said partnership or said partnership business." When the evidence was all in the court permitted the plaintiff to amend the second cause of action by alleging that plaintiffs are successors in interest of Hemrich & Co., who were sureties on the note, that they paid the note after ma-

turity and had it assigned to themselves as such sureties. By direction of the court a verdict was returned in favor of plaintiff upon the second cause of action, and, the jury having found against plaintiff as to the first cause of action, it has appealed from the judgment, and the defendant has also appealed from the judgment entered against him upon the second cause of action. Numerous errors are assigned in the respective briefs. For the most part they relate to rulings by the trial court upon the introduction of the evidence. The position most strongly urged by the plaintiff is that neither the answer nor the evidence given in its support constitutes any defense to the $1,600 note. In support of this position it is urged that there was at most but a partial failure of consideration, which constituted no defense, but at most gave grounds for a cross-action. Authorifense, but at most gave grounds for a cross-action. In volume 4 Am. & Eng. Enc. Law (2d ed., p. 195), it is said:

" Though some of the earlier cases denied the doctrine, there is now no question, in the light of recent decisions, that a partial failure of consideration is a defense *pro tanto* when such failure is liquidated in amount, or can be definitely ascertained by computation."

And the numerous authorities cited in support of the text fully sustain it. In the present case the evidence is very clear as to what the contract was, that the defendants were to receive the lease for a term of three years at a stipulated rental of $225 per month, and that the premises were worth $300 per month. It was therefore a mere matter of computation for the jury to determine to what extent the consideration had failed. It was a matter susceptible of definite ascertainment by the jury. The charge of the court was certainly as favorable as the plaintiff was entitled to. It was as follows:

" If you find that at the time of the giving of this note that it was given as a part consideration for a bill of sale or

a transfer of this stock and fixtures, and that it was a part of the contract that a lease of this store was to be procured for the term of three years, at a fixed rate of $225 per month, if that lease was to be procured and signed or procured directly for the benefit of these defendants, as a part of the transaction; and if you further find that *the value of that lease, in contemplation of the parties at that time,* was greater than the amount of this note; then you may find for the defendant upon that cause of action. *But unless you do so find, you will find for the plaintiff upon that cause of action.*"

Presuming that the jury accepted and were governed by the rule of law which the court by this instruction gave them, it is clear from the verdict that they found that there was a total failure of consideration for the note, and the fact that the court erred in telling them that unless the value of the lease in contemplation of the parties was *greater* than the amount of the note they should find for the plaintiff could have in nowise prejudiced the plaintiff. While the argument of defendants' counsel to the jury was somewhat objectionable, we are unable to see how it could possibly have influenced the jury, and the court having duly admonished them to disregard the irrelevant and immaterial statements of counsel, it must be presumed that they were in no manner misled by the argument. Other errors assigned are not regarded as of sufficient importance to warrant discussion. We think the cross-appeal by defendants is wholly without merit, and that the court rightfully directed a verdict in plaintiff's favor as to the second cause of action.

The judgment will be in all things affirmed.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.

ANDERS, J., not sitting.