[No. 17682. Department One. April 27, 1923.]

HOWARD WELLMAN, *by his Guardian ad Litem W. E. Wellman, Respondent,* v. H. B. JENSEN *et al., Appellants.*[1]

APPEAL (386)—REVIEW—NEW TRIAL—WAIVER. In an action for personal injuries against joint defendants, one defendant cannot complain on appeal of the action of the trial court in granting a new trial to a co-defendant.

SAME (460)—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Where, by its answer to an interrogatory, the jury absolved a plaintiff of contributory negligence, an erroneous instruction as to what constitutes contributory negligence is harmless.

Appeal from a judgment of the superior court for Franklin county, Sessions, J., entered February 27, 1922, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Affirmed.

*Edward A. Davis,* for appellants.

*Chas W. Johnson,* for respondent.

BRIDGES, J.—The plaintiffs sued the defendants, Jensen and wife and Franklin county school district No. 1, for damages growing out of personal injuries. There was a verdict against both the defendants. Subsequently the court granted a new trial as to the school

[1]Reported in 214 Pac. 830.

district and entered judgment on the verdict as against Jensen and wife. The latter have appealed.

The testimony of the respondents tended to show that the school district had made some arrangements with the appellants to bring children to the schools in the city of Pasco, and that the appellants had for some time, by virtue of this arrangement, been taking children to and from the school in a motor bus; that, on a certain day, the respondents' son, who was some seven or eight years of age, entered the bus, and later fell, or was thrown out and injured. The testimony tended to show that the injury was the result of the negligence of the driver of the bus, and also because the door near the front of the bus through which the child fell was insecure.

The appellants' testimony tended to show that they had not been guilty of negligence, but, on the contrary, the respondents' son had been guilty of negligence in not complying with the directions of the appellant to the effect that he should go to the rear of the bus, take a seat, and stay there until time for him to leave the bus, and that he was injured because he failed and refused to comply with the instructions thus given.

The appellants' first contention is that the court erred, to their prejudice, in granting a new trial to the school district and entering judgment against them. The argument seems to be that the court should have granted the motion of the school district, made before the case went to the jury, for a dismissal of the case as to it, rather than to have waited until the jury returned its verdict and then grant a new trial. It is argued that in some way this action of the court prejudiced the case against the appellants. No appeal has been taken as to the action of the court in granting the new trial to the school district, and we are unable to

see how the appellants are in position to complain of that action. If the evidence, as against the school district, was insufficient to justify a verdict, then the court could have taken the case away from the jury, or have granted a new trial after the verdict. We see no merit in the contention thus made by the appellants.

It is further contended that a certain instruction given by the court with reference to contributory negligence was erroneous. If we assume that the court erred in giving this instruction, still, we are of the view that the error was without prejudice to the appellants. The only negligence on the part of respondents' son which the testimony tended to show was that, upon entering the bus, he was told to go to the rear and sit down and stay there and that he disobeyed the instructions, and that his injury resulted from such disobedience. The court submitted to the jury the following interrogatory: "Did the plaintiff, Howard Wellman, disobey the instructions of the defendant, H. B. Jensen, in which the said Jensen told him to go to the back end of the car, and, if you answer that he did disobey such instructions, was such disobedience on his part in any degree responsible for the injury which he sustained?" The jury answered "No" to this interrogatory.

By this interrogatory and the answer given to it, the question of contributory negligence was eliminated from the case, consequently the instruction of the court with reference to contributory negligence, even if it be considered erroneous, was not prejudicial.

The judgment is affirmed.

Main, C. J., Mackintosh, Holcomb, and Mitchell, JJ., concur.