[No. 18432. En Banc. June 23, 1925.]

D. B. FULLER et al., Respondents, v. DAVID D. FRIEDMAN et al., Appellants.[1]

APPEAL (269)—RECORD—STATEMENT OF FACTS—EVIDENCE ON MOTION FOR NEW TRIAL. Upon appeal from an order granting a new trial, on one specific ground or reason stated, which respondent could sustain upon any other ground covered by his motion, the appellant must present on appeal such portions of the record, including the facts, if any, full and complete, as may be necessary for the consideration of the grounds of reasons against him, as stated in the order granting the motion (Overruling Id., 131 Wash. 282).

SAME (269, 388)—RECORD—STATEMENT OF FACTS—ERROR URGED BY RESPONDENT. In such a case, the respondent may urge on appeal all the grounds covered by his motion without being limited to the specific grounds on which the order was based, but the burden is upon him to furnish such additional record, including the facts, if any, full and complete, as may be necessary for his purpose.

APPEAL (465)—HARMLESS ERROR—INSTRUCTIONS—CURED BY VERDICT. Where the verdict of a jury in favor of the plaintiff eliminated the existence of contributory negligence, pleaded as a complete defense, error in instructions as to contributory negligence is without prejudice to the defendant, and is not ground for granting a new trial.

Appeal from an order of the superior court for Spokane county, Blake, J., entered September 1, 1923, granting a new trial, after the verdict of a jury ren-

[1]Reported in 237 Pac. 293.

dered in favor of the plaintiffs, in an action in tort. Reversed.

*Danson, Williams & Danson (R. E. Lowe,* of counsel), for appellants.

*Tustin & Chandler,* for respondents.

## On Rehearing.

Mitchell, J.—A former opinion in this case may be found reported in 131 Wash. 282, 230 Pac. 155. The action is to recover damages alleged to have been caused by the negligence of the defendants in the driving of an automobile. The answer denied negligence and affirmatively plead contributory negligence. There was a verdict in the sum of $625 for the plaintiffs, who moved for a new trial on several grounds, including inadequacy of damages and errors in law occurring at the trial. The motion for a new trial was granted on the sole ground that error was committed in improperly instructing the jury as to what constituted contributory negligence. The defendants, content with the verdict against them, have appealed from the order granting the motion of the plaintiffs for a new trial, and without bringing up any statement of facts or bill of exceptions, contend that, if the instruction as to contributory negligence was erroneous, it is a case of error without prejudice, as shown by the verdict in a substantial amount, and that a new trial should not have been granted.

The respondents invoked the rule of practice announced in the case of *Rochester v. Seattle, Renton & Southern R. Co.,* 75 Wash. 559, 135 Pac. 209, *viz.*:

"The correct rule of practice is now announced to be that, where, upon the consideration of a motion for new trial, the trial court enters an order granting the motion upon a specific ground or for a specific reason

stated, and the adverse party appeals, the party seeking to sustain the order may urge in this court all the grounds which were covered by his motion, and is not limited to the specific ground or reason upon which the trial court based the order.''

Under that rule, they moved to dismiss the appeal for failure of the appellants to bring up a statement of facts. Upon considering the motion, we held in the Departmental opinion that it is the duty of the party against whom an order for a new trial is entered, upon taking an appeal, to bring up a properly settled and certified record of the facts and show that the motion for a new trial should not have been granted on account of any of the grounds stated in the motion, and, accordingly, granted the motion of the respondent to dismiss the appeal.

A rehearing was granted, and upon further presentation of the cause by counsel and consideration of it by us, a majority of us are of the opinion that the former opinion is wrong, and therefore hold that where, upon the consideration of a motion for a new trial, the court enters an order granting the motion on one or more specific grounds less than the whole number covered by the motion, and the adverse party appeals, it shall be his duty to present on the appeal in a proper manner such portions of the record, including the facts, if any, full and complete, as shall be necessary for the consideration of the grounds or reasons against him as stated in the order granting the motion, and that while the respondent may urge on the appeal all grounds covered by his motion and will not be limited to the specific ground or grounds stated in the order, the burden is on him to furnish in a proper manner such additional record, including the facts, if any, full and complete, as may be necessary for his purposes.

Being of the opinion that the assignment of error

presented by the appellant in this case may be considered without the necessity of any statement of facts or bill of exceptions, we are of the opinion that the motion to dismiss the present appeal must be and it is denied.

On the merits of the appeal, the sole reason stated in the order granting the motion for a new trial was that the court gave the jury incorrect instructions as to what constituted contributory negligence. That is, in answer to the motion the court stated that error had been committed in the instructions with reference to contributory negligence charged upon the plaintiff injured in the accident by the defendant, and for that reason granted the motion. Contributory negligence is not a partial but a complete defense. It was plead as such in this case. The verdict in favor of the plaintiffs in a substantial amount is inconsistent with the charge or existence of contributory negligence. The verdict eliminated the question of contributory negligence from the case, and assuming that the instructions in this respect were wrong, the error was not prejudicial. Error without prejudice cannot be successfully complained of. *Wellman v. Jensen,* 124 Wash. 442, 214 Pac. 830; *Oliver v. Taylor,* 119 Wash. 190, 205 Pac. 746; *Crowl v. West Coast Steel Co.,* 109 Wash. 426, 186 Pac. 866; *Bay View Brewing Co. v. Tecklenberg,* 19 Wash. 469, 53 Pac. 724.

The order appealed from is reversed, and the case is remanded with directions to the superior court to enter judgment on the verdict for the plaintiff.

TOLMAN, C. J., MAIN, PARKER, MACKINTOSH, BRIDGES, HOLCOMB, and ASKREN, JJ., concur.