[No. 33168.   Department Two.   August 18, 1955.]

HARRY M. SMITH *et al., Respondents,* v. RICHARD I. RICH *et al., Appellants.*[1]

[1]Reported in 286 P. (2d) 1034.

*Goodwin & Hicks*, for appellants.

*Burkey, Burkey & Marsico*, for respondents.

WEAVER, J.—This is an action by a pedestrian to recover damages for personal injuries sustained when struck by an automobile driven by defendant.

Defendant, for whom the jury returned a verdict, appeals from an order granting plaintiff a new trial.

The motion for a new trial was granted upon the sole ground that the court erred, *as a matter of law*, when it gave a portion of instruction No. 27 which dealt with the claimed contributory negligence of plaintiff.

Pursuant to Rule on Appeal 34 (3), 34A Wn. (2d) 36, defendant (appellant) filed a concise statement of the points on which he intended to rely on appeal. The concise statement limits defendant's argument to two points: (1) that instruction No. 27 was not erroneous; and (2) that, if technically erroneous, it was not prejudicial to plaintiff in view of the numerous instructions given by the court on proximate cause and contributory negligence. Hence, defendant's statement of facts contains only the statement of points to be relied upon, the complete jury instructions, plaintiff's exception to instruction No. 27, the court's memorandum opinion made prior to the order, and the order granting a new trial.

Plaintiff moves (1) to strike the statement of facts upon the grounds that it is not sufficient for a review of the statement of points submitted by defendant; and (2) to dismiss the appeal on the grounds that the questions contained in defendant's statement of points cannot be considered in the absence of a statement of facts.

■ We do not agree with plaintiff's argument that the sufficiency of instruction No. 27 cannot be reviewed without a statement of facts containing the testimony treating with negligence and contributory negligence. At no time did plaintiff contend that there was not sufficient evidence to submit the question of plaintiff's alleged contributory negligence to the jury. The sole question on defendant's appeal is whether the instruction is wrong, *as a matter of law*, under any conceivable set of facts.

In *Fuller v. Friedman*, 135 Wash. 116, 118, 237 Pac. 293 (1925), this court said:

"Where, upon the consideration of a motion for a new trial, the court enters an order granting the motion on one or more specific grounds less than the whole number covered by the motion, and the adverse party appeals, it shall be his duty to present on the appeal in a proper manner such portions of the record, including the facts, *if any*, full and complete, as shall be necessary for the consideration of the grounds or reasons against him as stated in the order granting the motion, and that while the respondent may urge on the appeal all grounds covered by *his* motion and

will not be limited to the specific ground or grounds stated in the order, the burden is on him to furnish in a proper manner such additional record, including the facts, if any, full and complete, as may be necessary for his purposes." (Italics ours.)

Defendant (appellant) has complied with the Rules on Appeal and with the rule of the *Fuller* case, *supra*. On defendant's appeal, the evidence is not necessary, under the facts of this case, to review the reason set forth in the order granting a new trial. Plaintiff's motion to strike the statement of facts and dismiss the appeal is not well taken.

Desiring to present for our consideration all reasons urged by him in support of his motion for a new trial, plaintiff has filed a complete statement of facts. See Rule on Appeal 16, 34A Wn. (2d) 23, as amended, effective January 3, 1955.

Both parties were proceeding in the same direction on a public highway, the plaintiff walking, the defendant driving an automobile. Defendant testified she was driving on the *paved* portion of the highway at all times prior to the accident. Plaintiff testified that he was walking on the right-hand *shoulder* of the highway, with his back to oncoming traffic. Plaintiff was struck and injured by defendant's car.

Although the facts and the questions involved are not complicated, the instructions to the jury cover more than thirty pages. After thoroughly presenting the contentions of each party, the claimed facts, and the issues involved, the trial court said in instruction No. 27 (next to the last instruction given):

"It may be of assistance in determining your verdict to state the issues to be decided by you in a series of questions . . . ."

The first question treats with the alleged negligence of defendant; the second with the causal relation between defendant's alleged negligence and plaintiff's injury; and the third with plaintiff's alleged contributory negligence. We are concerned only with the fourth question, which reads:

"Did that negligence [alleged contributory negligence of plaintiff] contribute *in any degree* as a proximate cause of the accident." (Italics ours.)

The trial judge stated, in the order granting a new trial, that the word "degree" should have been modified by the word " 'substantial,' or 'material' or 'appreciable.' "

Question four of instruction No. 27 is concerned with proximate cause, which we find correctly defined in preceding instructions to the jury. In *Blasick v. Yakima*, 45 Wn. (2d) 309, 315, 274 P. (2d) 122 (1954) (a case decided subsequent to the trial court's order granting a new trial in the instant case) this court said:

"We are not disposed to substitute the 'materially contributed' or 'substantial factor' test either as a definition of or a substitute for 'proximate cause' (as defined in our cases) in determining what is actionable negligence."

The phrase "in any degree," although perhaps inept, neither added to nor detracted from the test of proximate cause which was properly submitted to the jury by other instructions. When all of the instructions are considered, we do not believe that the jury was misled by it. The instruction was not prejudicial.

The order granting a new trial must be reversed, unless it can be sustained on one or more of the grounds urged by plaintiff in the trial court and in this court, but not adopted by the trial court in the order granting a new trial.

Plaintiff urges that a portion of instruction No. 18 is erroneous. We do not agree: It is taken verbatim from the statute and is an appropriate instruction relating to defendant's theory of the case.

By instruction No. 20, the jury was permitted to resolve the issue of whether plaintiff, under the circumstances existing, was chargeable with contributory negligence as a matter of fact, if, as he testified, he was walking on the right-hand shoulder of the highway. However, instruction No. 20 does not contain the standard of care required of plaintiff.

It is not necessary that *each* instruction contain a complete exposition of the law applying to the point in con-

troversy. The standard of care required of plaintiff was set forth in the preceding instruction. When read together, they clearly and adequately present to the jury the issue of contributory negligence under plaintiff's theory of the case.

The trial court admitted in evidence two photographs offered by defendant to show the condition of the left-hand shoulder of the highway, after plaintiff testified that it was impassable for pedestrian travel. Plaintiff objected on the grounds that the pictures did not present the condition of the highway at the time of the accident and did not portray the true condition of the light. Testimony of any physical changes was already before the jury. By instruction, the photographs were admitted for the limited purpose of showing the condition of the shoulder of the road. They were an aid to the jury in determining one of the material issues of the case, and the trial court did not abuse its discretion when they were admitted into evidence.

Finally, plaintiff urges that the trial court should have granted a new trial on the grounds of (1) surprise which ordinary prudence could not have guarded against, and (2) newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at the trial.

The pleadings put plaintiff's age in issue. Plaintiff testified he was seventy-five years of age. On cross-examination, an application for employment, made in 1927, was used to impeach plaintiff's testimony. The application indicates that he was eighty-one years old at the time of the accident. Nothing having misled plaintiff to believe that his age would not be an issue in the case, he cannot claim surprise. *Orr v. Schwager & Nettleton*, 74 Wash. 631, 633, 134 Pac. 501 (1913).

The existence of the family Bible, containing a record of his birth, was known to him and had been used to establish his age on another occasion. Reasonable diligence demands that such evidence be produced in time for trial.

Plaintiff's motion to strike pages fourteen through twenty-eight of defendant's reply brief is well taken. The

brief was not filed within the time prescribed by Rule on Appeal 41, 34A Wn. (2d) 42, as amended, effective March 1, 1954.

The order granting a new trial is reversed, and the cause remanded for entry of judgment on the verdict of the jury.

Defendant (appellant) will not recover costs for that portion of the reply brief which is stricken.

HAMLEY, C. J., MALLERY, HILL, and OTT, JJ., concur.

December 5, 1955. Petition for rehearing denied.

