[No. 34247.   Department One.   April 24, 1958.]

FRANK A. SHIERS, *as Administrator, Appellant,* v. GURLI
CHARLOTTE ANDERSON *et al., Respondents.*[1]

*Erik Froberg,* for appellant.

*Newman & Newman,* for respondents.

WEAVER, J.—Plaintiff, special administrator of the estate of Anna Swanson, deceased, appeals from a decree that dismisses his action to declare void the transfer of certain properties to defendant, daughter of decedent.

The theory of plaintiff's complaint is (a) that Anna Swanson was "mentally incompetent and in need of a guardian" when she made the transfers to her daughter; (b) that the purported transfers "were the result of the undue influence,

[1]Reported in 324 P. (2d) 826.

fraud, and overreaching of defendants"; and (c) that "there was no delivery of any of the property of Anna Swanson to the defendants."

Anna Swanson, an eighty-year-old widow, moved from Seattle to Port Orchard in July, 1954, to live with her daughter. She remained there, except for three intervals in the hospital, until her death on October 19, 1955.

November 4, 1954, Anna Swanson executed a will in which she devised and bequeathed all of her property in equal shares to six of her grandchildren. December 2, 1954, she executed three instruments in which her daughter, the defendant, was the transferee: an assignment of a note and mortgage, a bill of sale of her household goods and furnishings, and a quitclaim deed of her residence in Seattle. These instruments, which divested her of most of her property, were duly recorded by her lawyer on December 10, 1954, in the office of the county recorder.

Twenty-four of plaintiff's twenty-seven assignments of error are directed to findings of fact and conclusions of law entered by the court, and to the court's refusal to enter requested findings of fact and conclusions of law.

Plaintiff's counsel stated to the trial court:

"I am not attempting to prove and do not really contend that the mother was actually incompetent—that she couldn't make a will or couldn't make a business transaction."

In oral argument before this court, counsel for plaintiff said:

"We are not seriously contending—we are not contending now and we did not really contend in the lower court that she was mentally incompetent to make the instruments."

(For the past year, oral arguments in this court have been tape recorded and the tape preserved until the remittitur is sent down.)

■ Plaintiff's assignments of error directed to those findings of fact wherein the trial court found that Anna Swanson was mentally competent when she executed the questioned documents are not well taken.

There is no evidence in the record that defendant influenced her mother in any manner when she executed the conveyances; hence, the trial court did not err when it decided

" . . . that the plaintiff in no wise made out a prima facie case in the issues before the undersigned Judge of the above entitled Court."

■ Plaintiff urges that it was error for the trial court to admit in evidence, over objection, the testimony of a lawyer, because the subject matter was within the attorney-client privilege. Assuming without deciding that there is merit in this contention, there is sufficient additional evidence in the record to support the findings of fact and the decree based thereon.

■ We grant plaintiff's motion to strike the second and third supplemental transcript on appeal. It appears from the clerk's certifications thereof that the documents therein contained are not a part of the superior court record in the instant case.

The judgment is affirmed.

MALLERY, FINLEY, OTT, and FOSTER, JJ., concur.

———————

July 10, 1958. Petition for rehearing denied.