[No. 35619.    Department One.    October 11, 1961.]

CLYDE CAPEN, *Appellant,* v. LOUIS D. WESTER *et al.,*
*Respondents,* GARRY CROMAN, *Defendant.*

EVANGELINE JOHNSON, *Appellant,* v. LOUIS D. WESTER *et al.,*
*Respondents,* GARRY CROMAN, *Defendant.**

*Merges, Brain & Hilyer,* for appellants.

*Lycette, Diamond & Sylvester* and *Frank H. Roberts, Jr.,*
for respondents.

*Reported in 365 P. (2d) 326.

WEAVER, J.—The automobiles of defendants Wester and Croman collided at an uncontrolled intersection. The impact knocked Wester, the favored driver, from behind the steering wheel; his car left the street, struck and damaged plaintiff Johnson's house. Plaintiff Capen, a roomer in Johnson's house, was injured.

Johnson and Capen brought separate actions against Wester and Croman. Defendant Wester, in turn, cross-complained for damages against Croman. The actions were consolidated for trial.

During trial, the court granted judgment for $250 on Wester's cross-complaint against Croman. Croman has not appealed and has not appeared in this court.

The jury returned a verdict for $1100 damages in favor of Johnson against Croman and for $1000 damages in favor of Capen against Croman. Wester was absolved of liability.

Plaintiffs appeal and assign error: to the fact that the court granted judgment in the middle of the trial in favor of defendant Wester, on his cross-complaint against defendant Croman; and to the portion of instruction No. 1 that states:

"The cross-complaint between the defendants has been withdrawn from your consideration by the court. This action by the court is to have no place in your deliberations under any circumstances and should in no way prejudice you for or against any party in the remaining two causes between these plaintiffs and these defendants."

Assuming *arguendo* that entry of judgment during trial, in favor of defendant Wester against defendant Croman, was irregular, we fail to understand how plaintiffs have been prejudiced. The colloquy between the four counsel and the court, which led to Wester's judgment against Croman, occurred in the absence of the jury.

Plaintiffs contend that the quoted portion of instruction No. 1 was the equivalent of telling the jury that defendant Wester was not negligent. We do not agree. Counsel for Wester moved for a directed verdict against Croman. The court denied the motion. Had it granted it, there might be merit to plaintiffs' contention, for the jury would then

have been informed that, as a matter of law, Wester was not negligent—at least insofar as his collision with Croman was involved.

This, however, is not the situation before us. The quoted portion of instruction No. 1 does not disclose the disposition of the cross-complaint. The jury was instructed that the withdrawal of the cross-complaint from its consideration was to have no place in its deliberation, under any circumstance, and the record does not indicate that the jury disregarded the instruction. It was still at liberty, under all of the instructions, to find for plaintiffs against defendant Wester, based upon his alleged negligence. Error, without prejudice, is not grounds for reversal. *Harringer v. Keenan*, 117 Wash. 311, 314, 201 Pac. 306 (1921); *Fuller v. Friedman*, 135 Wash. 116, 119, 237 Pac. 293 (1925), and cases cited.

■ Plaintiffs' second assignment of error is directed to the court's instruction that plaintiffs had the burden of proving negligence of defendants. Their third assignment is directed to the court's refusal to instruct that the burden was on defendant Wester to prove freedom from negligence. In support of these contentions, plaintiffs cite case discussion of the doctrine of *res ipsa loquitur*. The injuries suffered by plaintiffs were the result of an explained cause. The doctrine of *res ipsa loquitur* does not apply. *Carbery v. Fidelity Sav. & Loan Ass'n*, 32 Wn. (2d) 391, 201 P. (2d) 726 (1949). It was not error for the court to refuse an instruction based upon the doctrine. *Chase v. Beard*, 55 Wn. (2d) 58, 65, 346 P. (2d) 315 (1959).

Plaintiffs' fourth and fifth assignments of error attack the court's instruction on "sudden emergency" and "unavoidable" accident. Argument is confined to two sentences, without citation of authority. Under defendant Wester's (the favored driver) theory of the case, the facts are sufficient to justify the instructions given.

We are puzzled by plaintiffs' assignment of error to the court's refusal to direct a verdict against defendant Croman. The jury gave plaintiffs a verdict against him. As to defendant Wester, there is sufficient evidence to present a question of fact for jury determination.

Plaintiffs' final argument for a new trial is based upon alleged inadequacy of damages. Passion and prejudice of the jury are not claimed.

Plaintiff Johnson, who was awarded a judgment of $1100, testified that her furniture was damaged to the extent of $365. One of her witnesses testified that the house could be repaired for $547.25. Prior to the accident, she received $30 a month rent from Capen. Deducting her property damage from the award, the remainder of $187.75 covered her loss of rental for at least six months, which the jury may have determined a reasonable time for repairs. Plaintiff Johnson's award of damages is within the ambit of the evidence the jury was entitled to believe. *Lipshay v. Barr*, 54 Wn. (2d) 257, 339 P. (2d) 471 (1959).

Plaintiff Capen was awarded $1000. His doctor, hospital, and medical bills totaled $582.68. He drew unemployment compensation.

The amount of damages to be assessed is a matter for determination by the jury, under appropriate instructions. The statute provides that the jury shall assess the amount of the recovery. RCW 4.44.450.

There is nothing in the record that would justify judicial modification of the judgment in favor of plaintiff Capen. See *Kramer v. Portland-Seattle Auto Freight*, 43 Wn. (2d) 386, 261 P. (2d) 692 (1953).

The judgment is affirmed.

FINLEY, C. J., ROSELLINI, OTT, and FOSTER, JJ., concur.