[No. 37851.   Department Two.   January 27, 1966.]

VERN O. COMBS et al., Respondents, v. FRIGID FOODS PRODUCTS, INC., Appellant.*

*Reported in 410 P.2d 780.

*LeCocq, Simonarson & Durnan,* for appellant.

*Warren W. Russell,* for respondents.

LANGSDORF, J.†—After a trial to the court without a jury, this appeal was taken from an order denying a new trial and awarding respondents a judgment in the sum of $2,-707.71 and costs. The judgment represents a recovery by respondents of 3 cents per pound over the 14½ cents per pound paid on 90,257 pounds of red raspberries. The raspberries were raised and harvested at Sultan, Snohomish County, Washington, and were picked up by the appellant and taken to its processing plant at Avon, near Mount Vernon, Skagit County, Washington.

There was an established course of dealings between the parties prior to 1960, in that, beginning in 1953, the respondents had sold and delivered to the appellant each year all of their red raspberry crop grown on their farm at Sultan. In the spring of 1960, appellant's agents, Duane Smith, general manager, and Dick Tremaine, field man, solicited respondents in their usual manner and indicated that they desired this relationship to continue; the appellant expected to receive respondents' berries for the 1960 season.

No price was discussed by the parties except that respondents could expect the same treatment they had received from appellant for the past 7 years. The respondents would begin shipping their berries, and receive a cash payment the day after delivery. If the price of berries rose, the respondents could expect the appellant to pay the increased price, retroactive to the first day of the pick. The appellant could not at that time say exactly what the price would be, but, as in the past, it would meet competition and pay the competitive price in the area.

As to the meaning of area, the appellant, through the testimony of its agents, testified it meant that appellant would meet the competition in the three-county area, Whatcom,

†Judge Langsdorf is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

Skagit and Snohomish counties, and not the Snohomish County, or Sultan, Snohomish County areas alone.

Respondents delivered all of their 1960 red raspberry crop to appellant and were paid cash for each delivery. Respondents were paid the same as every other grower who was contacted by Smith and Tremaine and who delivered from Skagit or Snohomish County to the Avon, Skagit County plant.

When the 1960 red raspberry harvest began, the various processors in the tri-county area anticipated purchasing berries on the basis of 14½ cents per pound, pick-up price on the farm for delivery to processing plants or receiving stations. Soon after the start of the picking season, unexpected competition entered the market and, as a result, the various processors in the Whatcom County area found that each had to advance the price from 14½ cents per pound picked up in the field to 17½ cents per pound. The competition extended beyond the borders of Whatcom County into Skagit County, so the growers in Skagit County also profited by this competition which had developed.

In the tri-county area, 1,080 tons of red raspberries were delivered to the appellant. On 780 tons, the appellant made available the differential of 3 cents per pound to A. L. Cusin, agent of appellant, to meet the competition. Cusin paid an additional 3 cents per pound to the growers delivering their 1960 red raspberries to him as appellant's agent; this was without the knowledge of appellant's general manager, Duane Smith, who did not increase the price beyond 14½ cents per pound to the growers delivering to him.

During the middle of the harvest, the respondents learned that an agent of the appellant was paying a higher price in Whatcom County, and that other companies were also paying higher prices. They telephoned appellant's general manager, Smith, and advised him of these prices and requested a higher price. Smith told the respondents he could not give them a price higher than 14½ cents per pound. The respondents continued to ship raspberries to appellant until the end of the season.

The trial court held there was a contract with a meeting of the minds between the respondents and appellant's agents. The 1960 pick of red raspberries was delivered by the respondents to appellant in reliance upon the appellant's meeting the competitive price in the tri-county area. The court found this price to be 17½ cents per pound F.O.B. farm.

On appeal, appellant assigns error as follows: (1) The court erred in admitting respondents' exhibit No. 3. (2) The court erred in misquoting Duane Smith's testimony when the court examined Smith. (3) The court erred in its conclusion that there was a definite, enforceable contract requiring appellant to purchase all of respondents' raspberries at the highest price appellant paid anyone in Skagit, Snohomish or Whatcom counties, or the highest price any raspberry purchaser paid any grower for raspberries in said counties, in the year 1960.

■ Assigned error No. 1 related to the admission of respondents' exhibit No. 3, which was a bulletin on the berry crop in 1960, prepared by the Washington State Department of Agriculture in cooperation with the United States Department of Agriculture through the Washington Crop Reporting Service. The court admitted this exhibit in evidence for a limited purpose. The trial court in its consideration of this case in no manner relied on exhibit No. 3, but based its oral opinion and subsequent findings of fact and conclusions of law and judgment on other proof. If it was error to admit respondents' exhibit No. 3, it was harmless error and appellant was not prejudiced thereby. *Shiers v. Anderson,* 52 Wn.2d 202, 324 P.2d 826 (1958); *Capen v. Webster,* 58 Wn.2d 900, 365 P.2d 326 (1961). 5 Am. Jur. 2d, *Appeal and Error* § 801, at 243, states: "In holding that the admission of evidence was harmless error, the courts have conditioned their decisions upon the fact that the evidence was meaningless, of trivial importance, immaterial, or without reference to the matter in controversy."

Assignment of error No. 2 is without merit. The trial court did not misquote witness Duane Smith's testimony,

but, in fact, gave this witness a chance to change his testimony which he declined to do. He testified that when he referred to "competitive in the area" he was referring to the area in which appellant's processing plant operated, in the three counties, Snohomish, Skagit and Whatcom.

■ We are of the opinion that the final assignment of error is without merit. Appellant's claim that there was no enforceable contract was based on the fact that there was no definite agreement as to price. The trial court found from the evidence that the custom between the parties during their years of dealings established competitive price as the highest price in the area. In *Milone & Tucci, Inc., v. Bona Fide Builders, Inc.*, 49 Wn.2d 363, 366, 301 P.2d 759 (1956), the court said: "Usage and custom are admissible in evidence to explain the terms of an express or implied contract once the contract is established."

1 Corbin, Contracts § 98 (1963 ed.), states, at 433: "An agreement is not unenforceable for lack of definiteness of price or amount if the parties specify a practicable method by which the amount can be determined by the court without any new expression by the parties themselves."

We are of the opinion that there was substantial evidence before the trial judge to support his findings. He saw, heard, and evaluated the testimony, and observed the manner in which it was given. His oral decision indicated he carefully weighed and considered all of the testimony.

The judgment is affirmed.

ROSELLINI, C. J., FINLEY, WEAVER, and HUNTER, JJ., concur.