[No. 145-3.    Division Three.    October 30, 1970.]

RALPH L. UBER, *Appellant,* v. ALBERT B. KURBITZ, *Respondent.*
[As revised by order, January 8, 1971.]

*J. P. Tonkoff* (of *Tonkoff & Dauber*), for appellant.

*Perry Robinson,* for respondent.

EVANS, C. J.—Plaintiff appeals from the trial court's order granting defendant a new trial.

Plaintiff brought suit on a promissory note executed by defendant on October 1, 1968. Defendant answered and admitted its execution but claimed a setoff for rent received by plaintiff from property jointly owned by plaintiff and himself. In reply to defendant's claim of setoff, plaintiff alleged that in 1965 he and defendant became partners in a car-wash venture. In order to finance this venture plaintiff contributed $10,000 and received a promissory note from defendant as evidence of his contribution. Shortly thereafter a dispute arose concerning the management of the car washes and, according to plaintiff, he and defendant agreed to dissolve the partnership with plaintiff becoming sole owner of the rental property in question and defendant becoming sole owner of the car washes. In October 1968 plaintiff asked defendant to execute a replacement note for the 1965 note since he had lost the original and needed one for his records. Defendant executed the note but had plaintiff write on its face: "This is in place of previous 10,000.00 note in spring of 1965 which is hereby cancelled". It is upon this second note plaintiff now seeks to enforce payment.

Defendant denied the original $10,000 was plaintiff's investment in the car-wash venture; claimed it was merely a personal loan from plaintiff; and asserted there was no agreement between the parties as to the exchange of property set forth above. Defendant further alleged in 1966 when he was approached by plaintiff for repayment of the note he was unable to, and therefore agreed to have plaintiff apply his share of the rental proceeds from the joint property towards payment of the note. Consequently, by the time the case came on for trial there was little, if any, left owing plaintiff.

The case was submitted to a jury under proper instructions and the jury returned a verdict of $10,000 for plaintiff, along with $2,500 attorney's fees.

On motion for judgment notwithstanding the verdict or in the alternative for a new trial, the trial court denied the motion n.o.v. and granted the motion for new trial stating:

> IT IS ORDERED, ADJUDGED AND DECREED that defendant's motion for judgment notwithstanding the verdict of the jury be and the same is hereby denied but that his motion, in the alternative, for a new trial be and the same is hereby granted for the following reasons of law and fact:
>
> That the plaintiff testified that the promissory note sued upon did not in fact represent a loan by the plaintiff to the defendant but rather represented, together with certain other monies plaintiff's interest in certain car washes which defendant was then constructing and that, subsequently, plaintiff and the defendant had orally exchanged plaintiff's interest in said car washes for defendant's interest in certain real property which defendant and his wife, as a marital community, owned in partnership with plaintiff and his wife, also as a marital community.
>
> Defendant testified that the note sued upon did represent a loan of $10,000.00 made by the plaintiff to the defendant in 1965; but that the plaintiff is indebted to the defendant in the full amount of the note for rents collected by the plaintiff from real property owned by the plaintiff and his wife, as a marital community, as equal partners with the marital community composed of the defendant and his wife and that he, the defendant, is entitled to a set-off against the note for substantially the full amount thereof including interest.
>
> From the foregoing evidence the Court concludes that regardless of which version of the parties' transactions were to be adopted by the jury, defendant's liability, if any, upon said note would be substantially or completely extinguished; that the verdict is therefor contrary to the evidence and that there is no evidence or reasonable inference therefrom with which to justify it.

Plaintiff claims the trial court, by the terms of the above order, substituted its judgment for that of the jury. We agree.

In considering issues raised by a motion for new trial, the trial court must accept the evidence of the non-moving party as true and interpret all reasonable inferences therefrom in a light most favorable to that party. *Davis v. Early Constr. Co.*, 63 Wn.2d 252, 386 P.2d 958 (1963). Where questions of law are not involved, the trial court is invested with broad discretionary authority to grant or deny a motion for new trial, *Sargent v. Safeway Stores, Inc.*, 67 Wn.2d 941, 410 P.2d 918 (1966); however, this does not give the trial court a license to weigh the evidence and substitute its judgment for that of the jury. *Knecht v. Marzano*, 65 Wn.2d 290, 396 P.2d 782 (1964).

In the instant case plaintiff had, and offered in evidence, a promissory note signed by defendant in the amount of $10,000. Defendant admitted he executed the note and received $10,000 therefor. He further admitted he had not paid plaintiff any money thereon. In answer, defendant alleged plaintiff agreed to apply the rentals due defendant from their jointly owned property towards reduction of the amount due under the note. This issue was submitted to the jury which, by its verdict, found contrary to defendant's evidence.

Defendant's argument that plaintiff pled himself out of court, *i.e.*, plaintiff's claim that the $10,000 was an investment in the car washes and that he later traded his interest in them for defendant's interest in the rental property, has some merit. However, there is no written documentation as to any agreement for the exchange of property. In fact, the exchange theory was vigorously denied by defendant. Had it not been for the execution of the second note, defendant's theory might have carried the day in the jury's eye. However, there was an additional note executed as a replacement for the first one, long after the alleged exchange took place, and the subsequent execution provides evidence for a reasonable inference that if such an exchange took place there was an agreement between the parties that the note would still be paid by defendant. The entire testimony setting forth the above is nothing more than evidence, the

weight or convincing power being determined solely by the trier of fact. Consequently, the trial court erred when it stated the exchange of plaintiff's interest in the car washes for defendant's interest in the rental property constituted an extinguishment of the $10,000 note. Whether or not this was one of the conditions of the exchange was for the jury to determine, and in this instance it must be inferred from the verdict that it decided that issue adversely to defendant.

■ We recognize defendant has objections in the record to the offer of any evidence on the exchange of the property between the parties. We also realize that defendant claims he was not given proper opportunity to show his offset against the note. However, defendant has not urged with supporting authority, either in his brief or in oral argument, that the trial court's rulings with respect thereto be considered as additional grounds in support of its action in granting the new trial. Just as the respondent has the duty of furnishing such record as may be necessary for his proper assertion of additional grounds in support of an order granting a new trial, *Fuller v. Friedman*, 135 Wash. 116, 237 P. 293 (1925), *Smith v. Rich*, 47 Wn.2d 178, 286 P.2d 1034 (1955), he also has the obligation of specifying with supporting authority the additional grounds he wishes the court to consider. We are under no duty to search either the record or the law in order to find acceptable grounds upon which to affirm the trial court's decision. *Cf. Bristol v. Streibich*, 24 Wn.2d 657, 167 P.2d 125 (1946).

Judgment is reversed and the trial court is ordered to reinstate the verdict.

GREEN and MUNSON, JJ., concur.

Petition for rehearing denied January 8, 1971.

Review denied by Supreme Court March 1, 1971.