IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>        v.<br><br>MICHAEL DAVID MURRAY,<br><br>               Appellant. | DIVISION ONE<br><br>No. 86128-0-I<br><br>UNPUBLISHED OPINION |

PER CURIAM — Michael Murray appeals his conviction of felony indecent exposure with sexual motivation. He argues that the trial court erred by admitting evidence of two prior convictions for indecent exposure with sexual motivation to prove his intent, knowledge, and desire for sexual gratification, claiming that the unfair prejudicial effect of the admission of this evidence outweighed its probative value. However, the evidence was properly admitted to prove the prior conviction element of the offense of felony indecent exposure. This ruling is not challenged on appeal and was essentially conceded in the trial court. Thus, even in the absence of the rulings now challenged on appeal, it was established that the jury would learn of his prior convictions.

In this circumstance, in order to establish a right to appellate relief, it is incumbent on Murray to prove how the evidence's use for additional purposes unfairly prejudiced him *and* how this *additional* prejudice outweighed the probative value of the evidence. But Murray never attempted to do so—either in

the trial court or in this court. Having failed to establish that he was prejudiced by the trial court's challenged rulings on nonconstitutional legal questions, Murray necessarily fails to establish an entitlement to relief. We affirm.

FACTS

In April 2023, A.B. was riding a Metro bus in downtown Seattle, "minding [her] own business" and "looking around out the windows at nothing in particular," when she noticed a man with his penis out of his pants and masturbating. After only a brief glance, A.B. ran to the front of the bus to inform the driver. The driver of the bus eventually stopped and told the man to exit the bus.

A detective for metro transit police received a report of the incident of indecent exposure on the bus. The detective contacted A.B. by telephone to conduct a brief interview about the incident. He then viewed the surveillance video from the bus and obtained several still images of the suspect from the video. A crime analyst with the King County Sheriff's office created a bulletin with the still images and disseminated it to local law enforcement agencies with a request for assistance in identifying the suspect. Soon thereafter, the investigating detective was contacted by another detective from the same office as well as by an officer from the Department of Corrections. Both identified Murray as the suspect pictured in the bulletin.

Murray was arrested and subsequently charged with one count of felony indecent exposure with sexual motivation. The State also alleged as an aggravating factor that Murray "committed the current offense shortly after being released from incarceration" pursuant to RCW 9.94A.535(3)(t).

2

Murray has an extensive criminal history including seven convictions for indecent exposure with sexual motivation. Prior to trial, the State sought to introduce evidence of four prior convictions for indecent exposure—crimes occurring in 2009, 2012, 2013, and 2017—under ER 404(b) to prove common scheme or plan, intent, knowledge, and motive to engage in sexually motivated conduct, as well as to rebut any possible defenses. After argument from the parties, the trial court excluded the prior convictions to prove intent, but allowed admission to show common scheme or plan, knowledge, and motive to engage in sexually motivated conduct.

Murray subsequently learned that the State planned to introduce only the guilty plea statements and judgment and sentence documents from the cases that resulted in the challenged prior convictions (without testimony or details from the police reports). Because of "a disconnect between the actual facts that the Court considered in its ruling and what, actually, is going to be presented to the jury," Murray requested reconsideration of the trial court's decision to admit the evidence to prove common scheme or plan. After hearing additional argument from the parties, the trial court excluded evidence of the 2009 and 2012 incidents because the plea statements did not mention sexual gratification. The trial court granted admission of the 2013 and 2017 convictions for the purposes of proving intent, knowledge, and sexual gratification. The trial court explained that the evidence of the 2013 and 2017 convictions is "highly probative of his actions and establishing those elements," and "is prejudicial, of course," but "not unduly or unfairly prejudicial." The trial court later issued a limiting instruction consistent

3

with this ruling, instructing the jury that it could consider the evidence solely for the purposes of proof of prior conviction of indecent exposure as an element of the crime, intent, knowledge, and sexual motivation.

A jury convicted Murray of indecent exposure with sexual motivation. In a bifurcated portion of the trial, the jury heard evidence that Murray had been released from custody shortly before the incident. The jury then returned a special verdict that Murray had committed the crime shortly after being released from incarceration. The trial court sentenced Murray to a standard range sentence of eight months of incarceration.

Murray appeals.

DISCUSSION

Murray contends that the trial court abused its discretion in admitting two prior convictions under ER 404(b) to prove knowledge, intent, and sexual motivation because the unfairly prejudicial nature of those convictions vastly outweighed their probative value. His claim fails.

"ER 404(b) is a categorical bar to admission of evidence [of a prior bad act] for the purpose of proving a person's character and showing that the person acted in conformity with that character." State v. Gresham, 173 Wn.2d 405, 420, 269 P.3d 207 (2012) (citing State v. Saltarelli, 98 Wn.2d 358, 362, 655 P.2d 697 (1982)). However, evidence of prior acts may be admissible for other limited purposes. ER 404(b); State v. Wade, 98 Wn. App. 328, 333, 989 P.2d 576 (1999). To determine whether such evidence is admissible for a proper, non-propensity purpose, the trial court must: (1) find by a preponderance of the

4

evidence that the alleged misconduct occurred, (2) identify the purpose for which the evidence is being introduced, (3) determine whether the evidence is relevant to prove any element of the charged crime, and (4) weigh the probative value of the evidence against its prejudicial effect. State v. Vy Thang, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002).

We review the trial court's decision to admit or exclude evidence for abuse of discretion. State v. DeVincentis, 150 Wn.2d 11, 17, 74 P.3d 119 (2003). "There is an abuse of discretion when the trial court's decision is manifestly unreasonable or based upon untenable grounds or reasons." State v. Brown, 132 Wn.2d 529, 572, 940 P.2d 546 (1997). In assessing the admission of evidence, "we consider bases mentioned by the trial court as well as other proper bases on which the trial court's admission of evidence may be sustained." State v. Powell, 126 Wn.2d 244, 259, 893 P.2d 615 (1995).

Improper admission of evidence may be harmless, requiring reversal only if "within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." State v. Cunningham, 93 Wn.2d 823, 831, 613 P.2d 1139 (1980). For admission of evidence of prior bad acts pursuant to ER 404(b), any error is harmless when the evidence is properly admitted for another reason. State v. Crossguns, 199 Wn.2d 282, 296, 505 P.3d 529 (2022); State v. Foxhoven, 161 Wn.2d 168, 178-79, 163 P.3d 786 (2007). Thus, we may affirm admission of such evidence when "other ER 404(b) purposes were present." State v. Bartch, 28 Wn. App. 2d 564, 573-74, 537 P.3d 1091 (2023).

5

The cases cited above, which reference harmless error, are a product of an even more basic principle that applies at the intersection of the law of evidence and the standards for appellate review. "Error, without prejudice, is not grounds for reversal." Capen v. Wester, 58 Wn.2d 900, 902, 365 P.2d 326 (1961). Indeed, when a trial court ruling is not shown to have actually prejudiced a party, appellate relief may be denied without the necessity of the trial court analyzing the legal propriety of the ruling. Harringer v. Keenan, 117 Wash. 311, 314, 201 P. 306 (1921). "In general, prejudicial error is one which affects or presumptively affects the final result of the trial." State v. Edwards, 93 Wn.2d 162, 167, 606 P.2d 1224 (1980). A ruling wrongly admitting evidence "is prejudicial only if it has the capacity to skew the truth-finding process." Wilson v. Olivetti N. Am., Inc., 85 Wn. App. 804, 814, 934 P.2d 1231 (1997). Fair trials, not perfect trials, are the judiciary's goal. Thus, errors without proven consequences cannot be the basis for reversal of a judgment. This is especially so when it comes to nonconstitutional evidentiary rulings. "If every trial containing even minor evidentiary errors were reversed, virtually no trials would be affirmed on appeal." ROBERT H. ARONSON, MAUREEN A. HOWARD & JENNIFER MARIE ARONSON, THE LAW OF EVIDENCE IN WASHINGTON § 1.02[1] (5th ed. 2024).

Here, Murray acknowledges that his prior convictions "were relevant to prove intent, knowledge, and sexual motivation—all elements of the charged crime." Br. of Appellant at 18. However, he contends that this relevant evidence was improperly admitted because the potential for unfair prejudice from its admission outweighed the probative value of the prior convictions.

Significantly, the parties do not contest that Murray's prior convictions were properly admitted to allow the State to prove the facts necessary to elevate the crime of indecent exposure to a felony.[1]  Indeed, "[c]ourts have long held that when a prior conviction is an element of the crime charged, it is not error to allow the jury to hear evidence on that issue."  State v. Roswell, 165 Wn.2d 186, 197, 196 P.3d 705 (2008).  Thus, Murray's previous convictions for indecent exposure were properly admitted on this basis.[2]

Murray and the State both acknowledge that these convictions were properly admitted to prove an element of felony indecent exposure.  Murray, however, fails to grapple with the significance of this fact: even in the absence of the trial court's ER 404(b) rulings, the prior convictions were properly a part of the State's case in chief.  Any prejudice arising simply from the admission of the proof of the prior convictions was, in the vernacular, already "baked in" to the trial.  For Murray's present appellate assignment of error to succeed, it was incumbent on him to establish—in both the trial court and on appeal—the existence of prejudice *in addition* to that arising simply from the admission of the convictions, to identify with specificity the precise nature of this prejudice, and to

---

[1] "Indecent exposure is a class C felony if the person has previously been convicted under this section or of a sex offense as defined in RCW 9.94A.030."  RCW 9A.88.010(2)(c).

[2] To the extent that Murray argues that only one of the convictions was required to prove this element, we note that, "[s]o long as the defendant maintained his not guilty plea, the State had the right to prove its case up to the hilt in whatever manner it chose, subject only to the rules of evidence and standards of fair play."  State v. Adler, 16 Wn. App. 459, 465, 558 P.2d 817 (1976).  Murray also contends that that he could have stipulated to the prior convictions pursuant to Old Chief v. United States, 519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997).  However, the record nowhere reflects Murray offering to enter into such a stipulation.

establish that the magnitude of this *additional* prejudice outweighed the evidence's probative effect. Murray never attempted to do any of this.

The appropriate way for the parties to engage in this appeal would have been for Murray to assign error to the challenged rulings, then *both* demonstrate that the errors occurred *and* establish the nature and extent of the prejudice arising *solely* from these rulings. If he had done this, it would then be the State's obligation to *either* demonstrate that no ruling was erroneous *or* show that the nonconstitutional evidentiary errors were harmless. Because Murray never even attempted to establish prejudice in the manner necessary, this case proceeded quite awkwardly on appeal.

In any event, whether viewed as a product of there being an absence of prejudice or viewed as a product of harmless error, no appellate relief is warranted.

Affirmed.

For the Court:

_Chung, J._

_Birk, J._

_Mann, J._